(123 So. 314)

No. 29844.

### STATE ex rel. DEMA REALTY CO. v. JACOBY.

May 20, 1929. Rehearing Denied June 17, 1929.

Julius H. Wiener and Sidney G. Roos, both of New Orleans, for appellant.

Deutsch & Kerrigan, of New Orleans, for appellee.

OVERTON, J. The city of New Orleans passed a zoning ordinance, the effect of which, if legal, is to prohibit any business establishment from operating within the area, bounded by Carondelet, Baronne, and Robert streets, and Napoleon avenue, and within 150 feet of both sides of the streets of the area bounded, and to give to all businesses, in operation in the area at the time of the passage of the ordinance, one year in which to liquidate. The ordinance was adopted in March, 1927.

Relator is the owner of real property, in the district, located at the corner of Baronne and Bordeaux streets, and defendant is the owner of real property, also situated at one of the corners of the intersection of those streets. Defendant conducts on her property a small retail drug store. She did not liquidate her business, within the year prescribed by the ordinance, but continued to conduct it as usual, paying no regard to the ordinance. The city failed to interfere with her operations, whereupon plaintiff brought the present suit to enjoin her from operating her business at its present location. Relator alleges that the continued operation of the business there, in violation of the ordinance, defining the district, is not only a public nuisance, but is a private one, injurious and detrimental to its property rights, in that the operation of the business, at the location mentioned, depreciates the value of relator's property for residential purposes.

Defendant excepted to relator's demand on the ground that it disclosed no right or cause of action, and when this exception was overruled, she answered the demand, denying that her business was a nuisance, or injurious to property in the neighborhood, or to relator's property, but averring that, instead, it was a benefit to the same. She also pleaded the unconstitutionality and illegality of the ordinance on various grounds, which will be stated, so far as now urged, as they are reached.

The exception of no right or cause of action rests upon the ground that relator, as a property owner, owning real property, in the immediate vicinity of defendant's business, has no right to bring such a suit, but that the right to bring it belongs to the city alone; and that, should it be held that relator has such a right, still relator does not allege facts disclosing the right.

■ Relator alleges, as we have said, that its property, as residential property, which is the only purpose for which it may be used, is being injured by the operation of defendant's business, and alleges facts, showing the nearness of its property to defendant's business, from which we think it is fairly deducible that plaintiff is suffering a special and peculiar injury by the operation of the business, not suffered in common by the community. In these circumstances plaintiff has, and shows, a right and cause of action. There is nothing in Act 240 of 1926, relative to the construction, alteration, and use of buildings, and to zoning, that purports to take away this right. The questions, here presented, were presented and fully considered in the very recent case of State ex rel. Dema Realty Co. v. McDonald et al. (La. Sup. No. 29,609) ante, p. 172, 121 So. 613. It was there held by a majority of the court that, under the facts here shown, a cause of action was disclosed by the property owner, and that this cause of action was not affected by Act 240 of 1926. We consider this case decisive of the questions here presented.

Defendant lays considerable stress upon the action of the court in ruling out a part of the evidence, which she desired to offer on the

trial of the rule as to whether the preliminary injunction prayed for should issue. She desired to offer this evidence for the purpose of showing that the ordinance is arbitrary, unreasonable, and discriminatory. The rulings, complained of, were made in connection with a motion for a continuance, which showed what defendant desired to prove by absent witnesses, and also in connection with questions propounded to witnesses on the stand, and touching the admissibility of a document offered.

We think it clear that, where authority is granted to a municipality, in general terms, as is the case here, to pass an ordinance on a given subject-matter, evidence may be offered to show that the ordinance passed is arbitrary and unreasonable. Trenton Horse R. Co. v. Trenton, 53 N. J. Law, 132, 20 A. 1076, 11 L. R. A. 410; Mayor v. Dry Dock E. B. & B. R. Co., 133 N. Y. 104, 30 N. E. 563, 28 Am. St. Rep. 609. Also, if the one attacking the ordinance is in possession of facts, which, when produced, will have a tendency to show that the ordinance is discriminatory, he has a right to introduce the evidence. We do not understand that the trial court has taken a different view of the law from this statement of it. The evidence, ruled out, which is too much to state in detail, was such, for instance, as evidence to show the general policy of the city, relative to zoning, especially as to the time that should be given to liquidate an existing business in a newly established zoning district, which is required to leave the district, the ruling out of an ordinance, which had not been passed, but was still pending, relative to a general zoning system, and which was offered for the purpose of showing the facts just mentioned; the ruling out of evidence to show the length of time that, defendant and her predecessor had operated a drug store at her present location; the ruling out of evidence to show that property values in that neighborhood, notwithstanding the operation of the drug store, had increased commensurately with property values in other residential neighborhoods; the ruling out of evidence to show that the city permits drug stores to operate in the finest residential sections of the city; the ruling out of evidence to show that the operation of defendant's drug store is a convenience to the neighborhood; and the ruling out of other like evidence. The evidence was ruled out on the ground of irrelevancy and, in some instances, on the ground that it was merely the conclusions of witnesses. We find no error in the rulings.

The record discloses that, when the ordinance was passed, the territory, included within the district, was used almost entirely for residential purposes. There were in it, at the time, only two places of business, one defendant's drug store, and the other a grocery store, the operation of which was enjoined in the case of State ex rel. Dema Realty Co. v. McDonald, cited supra. It also appears that the district is a small one; that defendant was established in business at the corner, mentioned above, at the time of the passage of the ordinance, and was conducting there a small drug store, and was still conducting it, when this suit was instituted. The record also shows that relator's property, as residential property, is injured by the operation of defendant's drug store, and we think fairly justifies the conclusion that, due to its close proximity to the drug store, the operation of the latter causes relator to suffer a special injury, not suffered by the community in common.

Defendant urges that the ordinance is unconstitutional, because it is violative of section 2 of article 1 of the Constitution of this state, in that it takes or damages her,

property without just compensation paid. Defendant holds her property subject to a reasonable exercise of the police power. If, in this instance, there has been a legitimate exercise of the police power, defendant then will have no ground for complaint on this score. The same may be said as to defendant's contention that the ordinance deprives her of vested rights in violation of section 15 of article 4 of the Constitution of this state.

■ The contention is also made by defendant that the ordinance is violative of section 29 of article 14 of the Constitution, relative to zoning by municipalities. This contention is apparently based on the fact that the district created by the ordinance is small, and it is urged the section contemplates the zoning of the entire territory of a municipality, and not of small sections thereof, here and there. A similar point was raised in State ex rel. Civello v. City of New Orleans, 154 La. 271, 286, 97 So. 440, 33 A. L. R. 260, and it was there held that the section does not prevent a municipality from creating a limited district. We may also say, in this connection, that Act 240 of 1926 does not prevent the city of New Orleans from creating a district of limited area. That act is supplementary to Act 27 of 1918, which latter clearly authorizes cities containing a population of over 50,000 inhabitants to create districts of such area, and by express provision the act of 1926 does not limit or repeal the powers granted by the act of 1918. Section 12 of Act 240 of 1926.

■ The contention is also made that the ordinance is violative of the Fourteenth Amendment of the Constitution of the United States, in that it denies defendant the equal protection of the laws, and also deprives her of her property without due process of law. As relates to the first of these contentions, the ordinance does not deny to defendant the equal protection of the laws, for it operates alike against every one similarly situated. It prohibits all from establishing a business in the district, and grants to every one conducting a business establishment therein, at the time of the passage of the ordinance, one year within which to close his business. The ordinance, therefore, operates alike on all similarly situated and on their property, and hence is not violative of the constitutional provision urged. State ex rel. Civello v. City of New Orleans, supra; Walston v. Nevin, 128 U. S. 582, 9 S. Ct. 192, 32 L. Ed. 544.

■■ As relates to the second contention, the ordinance does not deprive defendant of her property without due process of law, in violation of the Constitution of the United States, unless it be an unreasonable exercise of the police power. For such an ordinance to be constitutional it must bear a substantial relation to the police power. Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016. We think, for the reasons assigned in the case just cited, and in the case of State ex rel. Civello v. New Orleans, supra, that the ordinance does bear such a relation to the police power. This is so even as to the placing of the ban on the operation of drug stores in the district. The inflammable tendency of much of the contents of these stores is, of itself, sufficient to show that such a relation exists. This case is perhaps even stronger than the case of City of New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798, 40 A. L. R. 1136, where it was held that an establishment for ladies' wearing apparel could be prohibited, by ordinance enacted under the zoning laws, from operating in an exclusive residential district.

■ It is also suggested that the ordinance is unconstitutional, because it grants only one year to liquidate and close an established business in the district. Defendant's drug store is a small one, and it is obvious that one year

affords ample time within which to liquidate the business and close it. The validity of that provision of the ordinance was decided unfavorably to defendant's contention in State ex rel. Dema Realty Co. v. McDonald, supra.

Lastly, it is urged that the ordinance is unconstitutional, because it deprives defendant of her means of livelihood, as she is not in position to open a drug store elsewhere. The ordinance, however, cannot be declared unconstitutional on that ground.

The trial court rendered judgment making the rule for the issuance of the preliminary injunction absolute.

The judgment is affirmed.

ROGERS, J., dissents, being of the opinion that the exception of no right or cause of action should be sustained.