[No. 34797. Department Two. July 30, 1959.]

THE CITY OF SEATTLE, *Respondent*, v. HURLEY MARTIN, *Appellant*.[1]

[1]Reported in 342 P. (2d) 602.

*Frederick W. Post,* for appellant.

*A. C. Van Soelen* and *Thomas J. Owens* (*C. V. Hoard,* of counsel), for respondent.

FINLEY, J.—On January 4, 1954, and for nine years prior thereto, the defendant used a vacant lot under a month-to-month tenancy arrangement as a place for the repair of various types of equipment employed in his construction business. On the above-mentioned date, the area in which the leased lot is located was annexed to the city of Seattle. The annexed area was zoned as "first residence" property under the Seattle city zoning ordinance No. 45382 then in force. This ordinance significantly provides, in part, that

"In the First or Second Residence Districts, any non-conforming use of premises which is not in a building shall be discontinued within a period of one year from the date this ordinance shall become effective."

Thus, on January 4, 1954, the use which defendant was making of the leased lot became a nonconforming use; furthermore, under the above-quoted provisions of the ordinance, he had one year to discontinue using the lot for the repair of construction equipment.

The defendant refused to discontinue this use of the lot. In 1957, the city of Seattle instituted the present lawsuit, charging defendant with violation of ordinance No. 45382. In the trial court the defendant was found guilty of violation of the ordinance. He has appealed.

His sole assignment of error is as follows:

"It was error to sustain a conviction under the ordinance because the defendant had acquired a property right in a use of the premises as a repair lot prior to January 4, 1954, and such conviction gave a retroactive effect to the ordinance which violated the defendant's rights under the State and federal constitutions. Also, the ordinance is discriminatory and hence unconstitutional."

Appellant concedes that a criminal action lies for the offense at bar if the ordinance as applied to him is constitutional. He does not contend that the ordinance is unconstitutional in zoning the particular lot as first residence property. The question is whether the ordinance is invalid because it requires the *termination* of a nonconforming use *in a period of one year* after the zoning change became effective.

█ We have not heretofore passed directly on the question of whether a city may take *affirmative* police power action to compel *termination* of a nonconforming use. However, in *State ex rel. Miller v. Cain* (1952), 40 Wn. (2d) 216, 242 P. (2d) 505, the court commented on the city's police power as it generally relates to *control* or *regulation* as contrasted to *total* elimination or termination of a nonconforming use. In *Miller, supra,* the court was concerned with an ordinance which *restricted changes* in nonconforming uses to repairs and alterations necessary to structural safety, and quoted with approval:

" 'The ultimate purpose of zoning ordinances is to confine certain classes of buildings and uses to certain localities. The continued existence of those which are nonconforming is inconsistent with that object, and it is contemplated that conditions should be reduced to conformity as completely and as speedily as possible with due regard to the special interests of those concerned, and where suppression is not feasible without working substantial injustice, that there shall be accomplished "the greatest possible amelioration of the offending use which justice to that use permits." . . . Williams, Law of City Planning and Zoning, pp. 202, 203; *Lathrop v. Norwich, supra* [111 Conn. 616, 623, 151 Atl. 183].' *Thayer v. Board of Appeals of Hartford, supra* (p. 23)."

Other jurisdictions have had occasion to pass directly upon the question now before us. In *State ex rel. Dema Realty Co. v. Jacoby,* 168 La. 752, 123 So. 314, the court upheld the constitutionality of a zoning ordinance requiring that all businesses in operation in a certain zoned area *should* move therefrom or terminate operations in the zoned area within one year from the passage of the ordi-

nance. In sustaining the constitutionality of the ordinance, the Louisiana court commented:

"It is also suggested that the ordinance is unconstitutional, because it grants only one year to liquidate and close an established business in the district. Defendant's drug store is a small one, and it is obvious that one year affords ample time within which to liquidate the business and close it. . . ."

In *State ex rel. Miller v. Cain, supra,* we said:

" . . . The theory of the zoning ordinance is that her [the property owner] nonconforming use is in fact detrimental to some one or more of those public interests (health, safety, morals or welfare) which justify the invoking of the police power; but the nonconforming use was permitted to continue because its termination would constitute a hardship on her greater than the benefit the public would derive from termination of the use."

It appears, then, that the test in the instant case is whether the significance of the hardship as to appellant is more compelling, or whether it reasonably overbalances the benefit which the public would derive from the termination of the use of the vacant lot as a place for the repair of construction equipment. We are convinced that the answer should be in the negative.

In this connection it should be noted that the testimony shows that appellant is using the lot to repair trucks, bulldozers, and other equipment; that some of the work is very noisy, and, at times, the activities are carried on at night. The detriment to the public and to the owners of property now located in an area zoned as first residence property should be rather apparent without extended elaboration. It also seems reasonable that appellant's being compelled to forego this particular use of the lot should cause him little or no real hardship. The lot is vacant and is rented on a month-to-month basis. Appellant is not being required to tear down a building or to liquidate a large business. As noted heretofore, the ordinance allowed appellant a period of one year to effect the necessary changes in the operation of his business. In that time, it would not have been too difficult for him to have made

other reasonably satisfactory arrangements for the repair of his equipment in a more appropriate area.

Our conclusion is that Seattle city ordinance No. 45382 as applied to appellant is constitutional, and that the judgment of the trial court should be affirmed. It is so ordered.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.