(No. 38507.—

THE VILLAGE OF OAK PARK, Appellant, *vs.* STANLEY E. GORDON, Appellee.

*Opinion filed March 18, 1965.*

ARTHUR C. THORPE, of Chicago, for appellant.

GUY E. ZERFOSS, of Oak Park, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

On May 19, 1958, the Village of Oak Park, plaintiff herein, enacted a zoning ordinance which provided that "all non-conforming rooming, boarding or lodging houses located within any dwelling district shall be removed or converted to a permitted use on or before May 1, 1963". The defendant, Stanley E. Gordon, failed to convert his rooming house as required by the ordinance, and plaintiff filed a quasi-criminal complaint against him in the municipal court of Oak Park. At the trial defendant admitted non-compliance with the ordinance but contended that the ordinance was unconstitutional and invalid as applied to his property. The court sustained his contention and adjudged him not guilty. Plaintiff has appealed directly to this court, and we have retained jurisdiction since the case involves the use of a zoning technique, the validity of which has not heretofore been determined by this court. *First National Bank & Trust Co.* v. *City of Evanston,* 30 Ill.2d 479, 486.

Zoning ordinances of the type here involved have been termed "amortization" ordinances for the reason that they permit a property owner to "amortize'" the loss of his present beneficial use of his property over a specified period of time. (See Rathkopf, Law of Zoning and Planning, chap. 62—5). Such an ordinance, like any other ordinance, is entitled to a presumption of validity, but it is well settled that this presumption may be dissipated by a showing that the public welfare does not require the restriction of use and resulting loss to the property owner. (*Westfield* v. *City of Chicago,* 26 Ill.2d 526; *Marquette National Bank* v. *County of Cook,* 24 Ill.2d 497; *La Salle National Bank of Chicago* v. *County of Cook,* 12 Ill.2d 40.) The primary question presented for our consideration is whether the evidence adduced at the trial supports the trial court's conclusion that the presumption of validity was overcome in this case.

The defendant's house is situated in the middle of a block which has been zoned for single residences since the enactment of the first Oak Park zoning ordinance in 1921. The original ordinance permitted single-family residence owners to rent rooms to as many as four roomers, but in 1947 the ordinance was amended to prohibit more than two roomers. In 1951 and 1955, however, plaintiff issued certificates of occupancy which permitted the then owners of the property to use the house as a rooming house for four roomers, thereby establishing such use as a legal nonconforming use. The property was so used up to the time of the trial in this case.

The house is a two-story building with basement and attic. The first floor, consisting of five rooms and two baths, is occupied by the defendant and his family, while the second floor contains a bath and four rooms, each occupied by a roomer. There was testimony at the trial that the exterior of the house was well maintained and that in appearance it was compatible with the other houses in the block. Immediately across the street was a church, an adjoining parking lot, and a nearby rooming house.

Defendant testified that he purchased the house in 1959 for $31,000 and has since invested an additional $10,000 in improvements. He stated that in order to comply with the amortization ordinance he would either have to make expensive alterations to convert the upstairs for use by two roomers or discontinue renting two rooms which would result in a loss of over $1,200 income annually.

A real-estate expert testified that as a general rule the existence of a rooming house tends to lower the value of surrounding residential property, although he had no opinion as to whether or not defendant's rooming house had such an effect. One of defendant's neighbors testified that he objected to the existence of a rooming house in the block, but admitted that defendant's house did not create any noise or disturbance.

Plaintiff has called our attention to a number of cases in which amortization ordinances have been held valid. (*Standard Oil Co.* v. *City of Tallahassee,* (5th cir.) 183 F.2d 410; *Consolidated Rock Co.* v. *City of Los Angeles,* 57 C. 2d 515, 20 Cal. Rptr. 638, 370 P.2d 342; *Harbison* v. *City of Buffalo,* 4 N.Y.2d 553, 152 N.E.2d 42; *City of Seattle* v. *Martin,* 54 Wash. 2d 541, 342 P.2d 602; *City of Los Angeles* v. *Gage,* 127 C. App. 2d 442, 274 P.2d 34; *Grant* v. *Mayor of Baltimore,* 212 Md. 301, 129 A. 2d 363; Anno., 42 A.L.R. 2d 1146.) In each of those cases, there was an express finding that the public interest clearly justified the financial loss to the individual property owner who was required to terminate a particular nonconforming use. The record in this case, however, contains no evidence whatsoever that the public interest would be subserved in any way by requiring defendant to alter his property to accommodate two roomers instead of four. On the other hand, it is undisputed that defendant would suffer a financial loss if he were required to comply with the ordinance. The right to continue an established nonconforming use has been recognized by this court as a valuable property right (*Brown* v. *Gerhardt,* 5 Ill.2d 106; *Schneider* v. *Board of Appeals,* 402 Ill. 536), and an ordinance which seeks to deprive defendant of that right without any apparent public need therefore, cannot be upheld.

We conclude that the municipal court of Oak Park correctly found that the Oak Park ordinance here in question was unconstitutional and invalid as applied to defendant's property. In so holding we do not intend to express any opinion as to the validity of this or other amortization ordinances as applied to other properties. Each case must be judged upon the particular facts of that case with due consideration given to the respective interests of the public and the individual property owners.

The judgment of the municipal court of Oak Park is affirmed.

*Judgment affirmed.*