[No. 514-40933-1.    Division One—Panel 2.    March 22, 1971.]

BENJAMIN ASIA et al., *Appellants*, v. THE CITY OF SEATTLE et al., *Respondents*.

*Franco, Asia, Bensussen & Coe* and *Albert M. Franco*, for appellants.

*A. L. Newbould* and *Gordon F. Crandall*, for respondents.

FARRIS, A.C.J.—Appellants are owners of a parcel of real property in Seattle, 120 feet by 100 feet, at 1405-13 31st Avenue South, which they acquired in 1938. The property is located directly above the southerly tunnel leading from downtown Seattle to the Lacy V. Murrow Floating Bridge over Lake Washington. An advertising structure situated on the west 33 feet of said property is highly visible from the roadway approaching the tunnel from the west.

Appellant leased the west 33 feet of the parcel as a site for an advertising sign from 1958 until 1966 when the city ordered termination of its use for advertising purposes.

On June 24, 1957, the city adopted a comprehensive zoning ordinance (86300). The advertising sign was a legal nonconforming structure and use under the ordinance.

On May 29, 1962, ordinance 91201 amending section 5.33 of ordinance 86300 was approved. It was under this ordinance that the city acted in discontinuing the nonconforming use.

It is not disputed that the westerly 33 feet could be leased for $150 per month if a sign is permitted at the location. The westerly 33 feet are now used for no other purpose except for light, air and access to the two apartments and four stores that are located on the front of the parcel.

The authority of the city, in the reasonable exercise of its police power, to regulate land use through zoning is not in issue. Appellants allege that the application of the zoning ordinance to their property completely eliminated the economic use of the property without just compensation and was therefore unconstitutional in its application to them.

We agree with appellants' contention that the fortuitous enhancement of the value of the parcel (by the location of the highway and tunnel after appellants' purchase of the parcel) is not controlling here. If the parcel has economic value and this value was completely eliminated, the appellants are entitled to compensation. *See Carlson v. Bellevue,* 73 Wn.2d 41, 435 P.2d 957 (1968).

The trial court correctly considered the westerly 33 feet of the property as a part of the total parcel. Although the economic value of the total parcel was reduced by the zoning ordinance which eliminated the economic value of the westerly 33 feet of the parcel, the effect was to reduce but not eliminate the value of the total parcel. A similar question was before the court in *Seattle v. Martin,* 54 Wn.2d 541, 342 P.2d 602 (1959) and *State ex rel. Miller v. Cain,* 40 Wn.2d 216, 242 P.2d 505 (1952).

Appellants did not have the right for all time to use property as a site for an advertising structure. Preexisting nonconforming uses are not to be perpetual. The public

welfare must be considered, using as a measuring rod the objectives of the zoning ordinance and all of the property within the particular use district.

Here the court considered the deprivation of the property right and the resulting hardship to the property owner and the public benefit obtained by enforcing the ordinance.

The record supports the trial court's determination. Affirmed.

JAMES and SWANSON, JJ., concur.