THE VILLAGE OF GLENVIEW, Plaintiff-Appellee, *v.* PETER VELASQUEZ, Defendant-Appellant.

First District (5th Division)   No. 83—0693

Opinion filed April 27, 1984.

Harold W. Klingner and Daniel J. McCormick, both of Law Offices of Harold W. Klingner, of Chicago, for appellant.

Zachary D. Ford, of Glenview, and Bradley M. Glass, G. Kent Yowell, and Michael M. Roth, all of Northbrook, for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendant was found guilty of violating a municipal zoning ordinance and fined $50. The sole issue raised on appeal is whether the zoning ordinance is invalid as applied to defendant's property. We affirm.

Approximately 28 years ago defendant and his wife acquired a five-acre tract of land located in the northwesterly portion of the village of Glenview and, shortly thereafter, built a single-family residence on the property. Several years later defendant obtained a permit from plaintiff village for the erection of the fence which is the subject of this action. The fence is six feet high, is constructed of chain link, has three strands of barbed wire at the top held in place by inward inclined support arms, and has a length of approximately 2,000 feet. Defendant erected the fence to discourage trespassers and to prevent wild animals from entering his property and destroying his garden and other vegetation.

On July 7, 1982, the village issued a citation to defendant for hav-

ing failed to remove the barbed wire from the top of his fence within six months as provided by an amendment to the zoning ordinance effective October 5, 1981. The court, sitting without a jury, reviewed the pleadings, heard oral arguments and received into evidence defendant's affidavit and a statement of the estimated cost of removing the barbed wire. Thereafter, the court denied defendant's motion to dismiss, found defendant guilty and imposed a $50 fine. Defendant appeals.

OPINION

■■ The sole issue raised on appeal is whether plaintiff village's zoning ordinance is invalid as applied to defendant's property. Defendant first argues that the terms of the village ordinance are inconsistent with the standard provided by Illinois statute for removal of nonconforming uses and maintains that the ordinance is, therefore, invalid.

Before becoming a home rule municipality in July 1971, the village adopted as part of its code article IX, entitled "Nonconformities." The relevant portion of the "Purpose" provision of that article states that "the municipality desires pursuant to the authority granted in section 11—13—1 of the Illinois Municipal Code, to eventually eliminate the types of nonconformities which have the most serious adverse effect on the surrounding area." After becoming a home rule unit, the village failed to delete the reference to section 11—13—1 which provides in pertinent part that "provisions may be made for the *gradual* elimination of uses, buildings and structures which are incompatible with the character of the districts in which they are made or located ***." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 24, par. 11—13—1.

Defendant herein concedes that the village, a home rule unit, is not required to follow the standards set forth in the Illinois Municipal Code but argues that the village, by the language set out above, adopted such standards. He asserts that the "gradual" elimination of nonconforming uses called for in section 11—13—1 is inconsistent with the six-month period for elimination provided in the village ordinance here at issue and that the ordinance is, therefore, invalid.

We need not address whether the village is bound by the standard contained in section 11—13—1, however, because we believe the statutory term "gradual elimination" is not inconsistent with the six-month period prescribed by the village for removal of the barbed wire. We interpret the call for "gradual" elimination of nonconforming uses to mean an elimination over a period of time. Naturally, any such period

must have a specified outer limit, in this case, six months. We, therefore, reject defendant's argument.

■ Defendant next contends that the ordinance is unreasonable and, therefore, invalid. Our supreme court has found an amortization ordinance invalid as applied to certain property upon a showing of unreasonableness. (*Village of Oak Park v. Gordon* (1965), 32 Ill. 2d 295, 205 N.E.2d 464.) However, an amortization ordinance, like any other ordinance, is entitled to a presumption of validity, which presumption may be overcome by a showing that the public welfare does not require the restriction of use and resulting loss to the owner of the property. (*Village of Oak Park v. Gordon* (1965), 32 Ill. 2d 295, 205 N.E.2d 464; see also *County of Cook v. Priester* (1976), 62 Ill. 2d 357, 342 N.E.2d 41.) The one challenging the ordinance bears the burden of demonstrating its invalidity. (*Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 179-80, 354 N.E.2d 899.) Thus, we must determine whether the evidence supports the trial court's conclusion that the presumption of validity was not overcome.

In support of his contention of unreasonableness, defendant first argues that the village ordinance is not grounded in the public welfare. The only evidence before the trial court regarding public welfare is defendant's statement, made by affidavit, that the fence has caused injury to no one. Standing alone, such evidence is insufficient to overcome the presumption that the ordinance is valid. In any event, the village is not required to wait until an injury is sustained before exercising its police power to order the removal of a potentially dangerous material, thereby enhancing public welfare. Defendant has failed to meet his burden of proof in this regard.

■ Defendant next argues that the ordinance is unreasonable because the losses he would incur as a result of compliance are greatly disproportionate to the public benefit. In determining the reasonableness of an ordinance one factor for consideration is the balance of public gain against private loss. (*Village of Oak Park v. Gordon* (1965), 32 Ill. 2d 295.) In *Village of Oak Park*, relied on by defendant, the court held that "an ordinance which seeks to deprive defendant of [the right to continue an established nonconforming use] without any apparent public need *** cannot be upheld." *Village of Oak Park v. Gordon* (1965), 32 Ill. 2d 295, 298.) Defendant also cites *Village of Arlington Heights v. Krause* (1973), 16 Ill. App. 3d 595, 306 N.E.2d 646, wherein the court stated that where the benefits derived by the public from the destruction of a nonconforming structure are unreasonably disproportionate to the losses incurred by the defendant as a result of such destruction, the ordinance requiring such destruction is

invalid as applied to such defendant. Such determination must be made in each case upon the particular facts of that case. *Village of Oak Park v. Gordon* (1965), 32 Ill. 2d 295, 298, 205 N.E.2d 464.

In the instant case the evidence before the trial court showed that the cost of removing the barbed wire, burning off the extended arms and hauling away the wire and arms would be $1,695. However, defendant submitted no evidence to indicate the cost of removing only the barbed wire. The record shows that the fence was erected to discourage trespassing and to prevent wild animals in the surrounding area from destroying the vegetation on defendant's property. Thus, defendant cites loss of security and privacy as part of his cost of compliance with the ordinance. Defendant's affidavit submitted to the trial court stated that there were no single-family residences on the land surrounding his property at the time the fence was erected. However, the record is devoid of evidence regarding the use of such land at the time of trial.

It is apparent that having barbed wire used as a fencing material in a residential area is a detriment to the public. We note that defendant is not required to alter his fence in any way except to remove the barbed wire. On the evidence presented in this action, we are unable to say that the trial court erred in finding that defendant failed to show that the benefit derived by the public from having the residential area surrounding defendant's property free from barbed wire is unreasonably disproportionate to his own loss.

Defendant next contends, in substance, that six months is too short a time period for compliance with the ordinance. The length of time in relation to the nature of the use is a factor to be considered in determining the validity of ordinances like the one here at issue. (*Village of Gurnee v. Miller* (1966), 69 Ill. App. 2d 248, 215 N.E.2d 829.) Such time limit should be "commensurate with the investment involved and based on the nature of the use; and in cases of nonconforming structures, on their character, age, and other relevant factors." (*City of Los Angeles v. Gage* (1954), 127 Cal. App. 2d 442, 459, 274 P.2d 34, 43.) Applying these factors to the facts of the instant case leads to the conclusion that the length of time allowed for elimination of the nonconforming use was not unreasonable as applied to defendant's property. Compliance with the ordinance will not require destruction of an existing structure but only requires removal of the three strands of barbed wire. Nor will such compliance result in loss of income to defendant. (*Cf. Village of Oak Park v. Gordon* (1965), 32 Ill. 2d 295, 205 N.E.2d 464, and cases cited therein.) On the facts here presented, we conclude that the ordinance is not unreasonable as

applied to defendant's property.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

O'CONNOR and WILSON, JJ., concur.