## CHARLES F. RAKER

### v.

## THE VILLAGE OF MAQUON.

1. PROSECUTION UNDER ORDINANCES.—In prosecutions for an offense under an ordinance, the evidence should show that the ordinance was in force at the time the act complained of was committed.

2. ORDINANCES—PUBLICATION—BY POSTING.—Where the publication of an ordinance was by posting, in order to give such posting effect, it must be shown that there was no newspaper published in the village in which such ordinance could have been published.

3. PUBLICATION IN BOOK FORM.—Where the ordinances are published in book or pamphlet form by authority of the board of trustees of the village, no other publication is necessary.

APPEAL from the Circuit Court of Knox county; the Hon. A. A. SMITH, Judge, presiding.    Opinion filed October 11, 1881.

Mr. A. L. HUMPHREY, for appellant; that there was no sufficient proof of the passage of the ordinance, cited Rev. Stat. 1877, 215, §§ 3, 4, 477, § 14; City of Alton v. Hartford Fire Ins. Co. 72 Ill. 328; Kettering v. City of Jacksonville, 50 Ill. 39.

Mr. J. L. WELLS and Messrs. McKENZIE & CALKINS, for appellee; cited Rev. Stat. 1874, Chap. 24, § 4.

PILLSBURY, J.    This was a prosecution under the ordinances of the Village of Maquon, and a finding and judgment against the defendant.

The record purports to contain all the evidence introduced upon the trial below, and we have carefully examined it and failed to find any evidence tending to show that the ordinance alleged to have been violated was in force at the time of the commission of the alleged offense.    It is indispensable that the evidence should show that the law was in force at the time the act complained of was committed.    Newland v. Aurora, 14 Ill. 364.

The publication of the ordinances was by posting of copies, and the evidence does not show that there was a newspaper

published in the village in which they could have been published. To make the posting of the ordinances a sufficient publication where that course is relied upon, it should appear from the evidence that no newspaper was published in the village. If published in book or pamphlet form by authority of the Board of Trustees, no other publication is necessary. It does not appear, however, from the evidence contained in this record, that the book introduced in evidence containing the ordinances was printed by such authority, or even that it purported to be so printed. It was therefore insufficient to establish a legal publication of the ordinances.

As to the commission of the act by the defendant, we are satisfied with the finding of the jury.

For the reasons above stated, the judgment must be reversed and cause remanded.

Judgment reversed.