OCCIDENTAL BUILDING & LOAN ASSOCIATION, APPELLEE, V. EUGENE BEAL ET AL., APPELLANTS.

FILED NOVEMBER 20, 1931. No. 27961.

*Halligan, Beatty, Halligan & Maupin*, for appellants.

*L. A. DeVoe* and *T. F. Wiles*, contra.

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and REDICK, District Judge.

PAINE, J.

The Occidental Building & Loan Association, plaintiff and appellee, filed its petition on April 9, 1928, for the foreclosure of a mortgage on certain town lots in Ogallala, Keith county, Nebraska. On May 17, 1929, a decree of foreclosure was entered, finding the amount due the plaintiff $3,159.98, with 10 per cent. interest. A stay of nine months was granted, and on June 17, 1930, the Occidental Building & Loan Association bid in the property for $3,550. Objections to the confirmation of the sale were heard on October 13, 1930, and the sale was set aside for the reason that the property did not sell for a fair value under all the conditions, and a new sale was had November 18, 1930, at which the appellee raised its former bid to $3,700.

Objections to the confirmation of this second sale were based principally upon the ground that the property did not sell for its fair and reasonable value under the circumstances and conditions, and also that if it was again offered for sale it would bring a larger amount. On February 4, 1931, a hearing was had and the objections were overruled, and the court, being satisfied with the legality of the sale, confirmed the same and directed that the sheriff execute a deed therefor to the appellee.

It is contended by the appellants that there was an abuse of judicial discretion, which deprived the appellants of their property without due process of law, and the only case cited in support thereof is *Lindberg v. Tolle,* 121 Neb. 25, but in the text of that case we find this statement:

"Under our statute the trial court passes on the regularity of foreclosure sales and the proceedings leading thereto. There are no restrictions upon the means by which that court may be satisfied that the land brought its fair value. No fraud is alleged in this case."

The court in this case considered the evidence in the form of exhibits and affidavits and the oral evidence in court, and before the court confirmed this sale it must have been satisfied that, under all the conditions existing in Ogallala at the time, the property brought the best price that was obtainable, or that a subsequent sale would not

bring a better price. Comp. St. 1929, sec. 20-1531. Two sales were held, at each of which the plaintiff was compelled to bid in this property. Several years had passed from the time of the filing of the petition for foreclosure until the final confirmation, and this court is of the opinion that no new question is presented in the transcript or bill of exceptions submitted in this case. *Wilson v. Wilson,* 94 Neb. 192; *McDonald v. Lessmann,* 113 Neb. 274; *In re Estate of Landon,* 98 Neb. 706; *Kearney Land & Investment Co. v. Aspinwall,* 45 Neb. 601.

The judgment of the district court is therefore affirmed, with leave to redeem before the mandate is issued.

AFFIRMED.