THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Plaintiffs-Appellants, *v.* CITY OF OREGON *et al.*, Defendants-Appellees.

(No. 70-83; ▮▮▮▮▮▮▮

Second District—January 12, 1971.

Castle, Burns & O'Malley, of De Kalb, and Ross, Hardies, O'Keefe, Babcock, McDugald & Parsons, of Chicago, for appellants.

Fearer & Nye, of Oregon, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This appeal is from an order denying issuance of a writ of *mandamus*. The plaintiff, American Oil Co., is lessee of certain realty owned by the plaintiff, Charles W. Mongan. The subject property is located on the northeast corner of the intersection of Routes 2 and 64 in Oregon, Illinois and is zoned for use as an automobile service station.

In contemplation of erecting a service station, plaintiffs requested a "curb-cut" permit from the defendant; the permit was denied. On May 2, 1968, the plaintiff again filed for a "curb-cut" permit in conjunction with their application for a building permit for a service station. While the application was pending, a proposed ordinance to regulate "curb-cuts" for access driveways was introduced before the defendant body. Prior to this time, the defendant had not had such an ordinance. On June 14, 1968, the defendant denied the plaintiff's application for a "curb-cut" permit and, immediately thereafter, adopted the pending ordinance regulating the construction of access driveways as allowed under Section 11—80—13 of the Municipal Code.

The plaintiffs filed this *mandamus* action and a bench trial was had. The total evidence consisted of controverted testimony as to whether the driveway entrances would or would not create a traffic hazard at the location. The defendant's position at the trial was that a service station should not be allowed on the particular site even though its zoning ordinance permitted such use.

The court, in a memorandum decision, concluded that the defendant had the power to regulate the use of sidewalks as well as the construction, repair and use of openings in sidewalks and, further, that the defendant's refusal to issue a "curb-cut" permit was lawful because issuance would create an unusual hazard and a danger to the traveling public contrary to the health, welfare and safety of the public as a whole.

The sole issue presented is whether the defendant could refuse the plaintiff the right to construct a service station (a use permitted under the current zoning ordinance) by denying a "curb-cut" permit when no ordinance governing the issuance of such permit was in effect.

■■ It is admitted that, at the time plaintiffs' application was denied, the defendant did not have an ordinance regulating access driveways. Further, it is agreed that "curb-cuts" may be regulated by municipalities based upon the power delegated to them by the Legislature. (Ill. Rev. Stat. 1969, ch. 24, par. 11—80—13.) See further, *Pure Oil Co. v. City of North Lake,* 10 Ill.2d 241, 244—245 (1957). However, the point of difference arises in the manner by which the delegated power may be exercised.

It is defendant's position that an embodying ordinance of a delegated legislative power is unnecessary, provided that the municipality acts reasonably under the statute granting the power. No authorities are cited for this proposition of law.

It is the plaintiffs' contention that an ordinance, covering the legislative power conferred, must be adopted before a municipality may make use of such power.

■■ Municipalities derive all of their rights and powers from the General Assembly, *Peo. ex rel. Gutknecht v. City of Chicago* (1953), 414 Ill. 600, 621, and such implied powers which are necessarily incident to the powers expressly granted. (*Pure Oil Co. v. City of North Lake, supra,* 245.) They have no inherent power. *City of Chicago H.T.S. v. Western Union* (1950), 406 Ill. 428, 433.

■■ When the Legislature confers certain powers to a municipality it is usually an invitation to the corporate entity which may be either declined or accepted. Declination takes place by inaction on the part of the municipality; acceptance is signified by the adoption of an ordinance, since the governing body of a municipality can only act by means of an

ordinance or resolution. (*City of Mound City v. Mason* (1914), 262 Ill. 392, 395.) Where the charter of a municipality is silent as to the manner in which the city council shall perform an act, it may be done either by resolution or ordinance. (*People v. City of Chicago*, 363 Ill. 409, 416—417 (1936).) However, a resolution is not a law but merely the legislative body's expression of opinion and is considered to be of a special and temporary character. On the other hand, an ordinance prescribes a permanent rule of conduct which is to have continuing force and effect. Legislative action on the part of a municipality must be embodied in an ordinance, while ministerial acts may be in the form of a resolution. *C. & N.P.R.R. Co. v. City of Chicago* (1898), 174 Ill. 439, 445.

In the instant case, we are the opinion that the regulation of the use of sidewalks was a legislative action; therefore, it was necessary for the defendant to enact an ordinance, after first determining the need for one, which would set forth reasonable standards in exercising the regulatory power.

The case of *Pure Oil Co. v. City of North Lake, supra,* concerned the power of the city in the regulation of access driveways as here involved. The Court, at page 245, held:

"* * * However, while the foregoing grants of authority establish the *existence* of a limited regulatory power, they also determine the *extent* of that power. Thus, a city must show wherein its proposed driveway ordinance is necessary to facilitate the exercise of a delegated power. Its authority is therefore not unlimited * * *."

Further on, the Court, speaking of the right of property owner's access to public streets, stated:

"* * * At most, that right may be restricted in some reasonable manner consistent with the public good. The instant ordinance not only fails to spell out reasonable standards which a property owner must meet as a condition precedent to acquiring a driveway permit, it purports to authorize the outright denial of a permit in any situation, depending upon the will of the city council. Accordingly, for this additional reason, the ordinance in question cannot be sustained."

In the case of *Salem Nat. Bank v. City of Salem* (1964), 47 Ill.App.2d 279, the court, in speaking of a driveway permit ordinance, had this to say at pages 283—284:

"The City Council under the powers granted it to regulate traffic and control the use of streets and sidewalks within the city, does not have the power to deny in its absolute discretion, permission to construct or maintain any driveway across the sidewalk. The right of a property owner to access to the public streets adjoining his property *may be restricted by ordinance* in some reasonable manner consistent

with the public good. However, such ordinance must spell out reasonable standards for the property owner to meet as a condition precedent to acquiring a driveway permit, and an ordinance which purports to authorize the outright denial of a permit depending upon the will of the City Council is not enforceable." (Emphasis added)

Also see *People ex rel. Kohout v. North Riverside* (1957), 14 Ill.App.2d 503 and *People v. City of Savanna* (1955), 6 Ill.App.2d 411.

■■ We conclude from the above cases that the failure of the defendant to enact an ordinance which set forth reasonable standards for the plaintiffs to meet as a condition precedent to acquiring a "curb-cut" permit, precluded the defendant from denying such permit.

Therefore the judgment is reversed and the cause is remanded with directions to issue the writ of *mandamus* as prayed for herein.

Reversed and remanded with directions.

ABRAHAMSON and SEIDENFELD, JJ., concur.