NEBRASKA STATE BANK AND TRUST COMPANY OF BROKEN BOW, NEBRASKA, APPELLEE, V. LARON L. WRIGHT ET AL., APPELLEES, EMELIA PROROK, APPELLANT.

331 N.W.2d 535

Filed March 25, 1983. No. 82-246.

Ross, Schroeder & Fritzler, for appellant.

Knapp, Mues, Anderson & Beavers, for appellee Bank.

Gregory G. Jensen, for amicus curiae County of Custer, County Attorney and County Sheriff.

KRIVOSHA, C.J., McCOWN, and HASTINGS, JJ., and HOWARD, D.J., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Defendant Emelia Prorok appeals the confirmation of a land foreclosure sale, claiming the judge abused his discretion in setting aside the first sale.

On April 15, 1980, plaintiff, Nebraska State Bank and Trust Company of Broken Bow, Nebraska (Bank), was awarded a decree of foreclosure of its blanket $341,696.88 mortgage on separate tracts of land. We are concerned here with one tract, Lots 14, 15, and 16, Block 13, J. P. Gandy's Addition to Broken Bow, Custer County, Nebraska (hereinafter referred to as Tract X). These lien priorities were established: First lien, First Federal Savings and Loan Association of Lincoln (First Federal), on an unforeclosed mortgage, $24,698.58; second lien, defendants Hosticks, on a foreclosed mortgage, $5,339.32; third lien, Bank, allocated at $12,035.98; fourth lien, Prorok, $9,558. The decree provided that in the event of a sale, Tract X was to be sold subject to First Federal's mortgage. On February 9, 1981, an order of sale was issued directing the sale of Tract X subject to First Federal's mortgage. The sheriff's published notice of sale made no reference

to First Federal's mortgage. At the sale, Tract X was sold to Bank for $45,500. Bank's motion to confirm the sale was conditioned that the court order the payment of First Federal's mortgage out of the sale proceeds, otherwise to set the sale aside, claiming the sheriff made misleading statements during the sale concerning the liens due on the land. First Federal objected to the confirmation of the sale. On April 23, 1981, hearing was had on these motions, and the sale was set aside. Prorok filed her motion for new trial. Thereafter, two other public sales were ordered and set aside, on bids of $10,100 and $12,001. On January 8, 1982, the last sale was ordered, notice published, and the sale had, following which the sale was confirmed in Burdette Christensen for the bid price of $19,000. Prorok objected to the confirmation, or in the alternative moved the court to readjust the lien priorities. Prorok filed a motion for new trial. Both of Prorok's motions for new trial were denied. This appeal follows. We affirm.

Prorok's assigned errors focus on her claim that the judge abused his discretion in setting aside the first sale. If the first sale had been confirmed in the sum of $45,500, she might have realized satisfaction of her lien.

At the first confirmation hearing two affidavits, exhibits 2 and 3, were marked and offered in evidence; they were later filed in the court file. Exhibit 2 was the affidavit of Sheriff Neal Fink showing that, during the sale, inquiry was made by Carl Norden (bidding for Bank) as to "whether the property was being sold subject to any liens of record." Fink consulted with the county attorney and, as stated in his affidavit, "returned and informed the bidders . . . that the bidding would be subject to all liens of record." According to his affidavit, more bidder inquiries were made concerning the terms of the sale, and Fink, after again consulting with the county attorney, "informed all bidders that the prop-

erty would be sold subject only to taxes of record and it would not be subject to any current liens of record."

Exhibit 3 was the affidavit of Carl Norden, an officer of and bidder for Bank. He inquired of the sheriff as to the terms of the sale, and stated in his affidavit that "after much duration and debate the Sheriff, Neal Fink, at open sale, informed all the bidders that the property was being sold subject only to taxes of record and that all liens of record would be foreclosed and, further, the purchaser would take clear title to said property." Affiant stated that he would not have bid as he did if he had known the sale was subject to First Federal's lien.

The evidence and the journal entry in the court file show that the trial court considered the affidavits, the special sale provisions included in the decree, the rights of the purchaser, and the equities of all parties. The court found that the sheriff made inadvertent, erroneous statements concerning the terms of sale, that Norden had no knowledge of the decree terms and he was not at fault in relying on the sheriff's statements as to the sale terms, and the equitable solution was to order a resale of the property.

Appellant's assigned errors 1 and 4 urge that the two affidavits could not be considered by the court. An affidavit may be used "upon a motion, and in any other case permitted by law." Neb. Rev. Stat. § 25-1244 (Reissue 1979). We have consistently held that in a judicial sale confirmation hearing, the trial court has broad discretion and authority in determining what evidence can be considered, including affidavits. See *Occidental Building & Loan Ass'n v. Beal,* 122 Neb. 40, 239 N.W. 202 (1931). The affidavits were properly considered by the court.

Assigned errors 2, 3, and 6 are considered together, as they urge that the first sale was properly conducted, Neb. Rev. Stat. § 25-1531 (Reissue 1979),

and that the buyer could not rely on the representations made by the county sheriff.

In *Fisher v. Minor,* 159 Neb. 247, 66 N.W.2d 557 (1954), we said a purchaser at a judicial sale is bound to examine the title and not rely upon statements made by the officer conducting the sale as to its condition. We also said, "The vacation of the sale or its confirmation is a judicial matter within the sole control of the court." *Id.* at 254, 66 N.W.2d at 561.

The applicable standard to apply here is stated in *Michelson v. Wagner,* 170 Neb. 28, 31, 101 N.W.2d 498, 501 (1960): " 'It is the general rule that confirmation of judicial sales rests largely within the discretion of the trial court, and will not be reviewed except for manifest abuse of such discretion. The discretion to be exercised is not arbitrary, however, but should be one which is sound and equitable in view of all the circumstances. The court must act in the interest of fairness and prudence, and with a regard to the rights of all concerned, and the stability of judicial sales.' " See, also, *Rupe v. Oldenburg,* 184 Neb. 229, 166 N.W.2d 417 (1969); *Kleeb v. Kleeb,* 210 Neb. 637, 316 N.W.2d 583 (1982).

In our de novo review we find that the foreclosure judgment provided that any sale of Tract X should be made subject to First Federal's lien, and the order of sale so provided; that the published notice of sale was contrary to the judgment, in that there was no mention of First Federal's lien; that there were several bidders at the sale; that the bidders at the sale were concerned about the terms of the sale, and they asked direct questions about liens; that after consulting with the county attorney the sheriff announced untrue conditions of sale; that these statements were contrary to court orders, and related to facts basic to any informed bidder; that the first sale was not held in conformity to law; that Bank and its agent Norden should have known that

the sale was subject to First Federal's lien; and that Bank's bid of $45,500 was a mistake.

Generally, the concern of courts to preserve the stability of judicial sales deals with upset bids and the possibility of chilling the bidding. Here, the stability concerns an improper notice of sale and erroneous statements made by the court's agent in conducting the sale, and it was the overriding duty of the court to do equity to all the parties.

Considering the whole record we cannot say that the court abused its discretion in setting the first sale aside. The other error has no merit. The final sale is confirmed.

AFFIRMED.