THE CITY OF TUSCOLA, Plaintiff, v. D & B REFUSE SERVICE, INC., *et al.*, Defendants (United Waste Systems, Inc., Cross-plaintiff-Appellant, v. D & B Refuse Service, Inc., Cross-defendant-Appellee).—THE CITY OF TUSCOLA, Plaintiff-Appellee, v. D & B REFUSE SERVICE, INC., Defendant-Appellant (United Waste Systems, Inc., Defendant).

Fourth District   Nos. 4—84—0396, 4—84—0416 cons.

Opinion filed February 26, 1985.—Modified on denial of rehearing March 28, 1985.

James A. Martinkus, of Erwin, Martinkus, Cole & Ansel, Ltd., of Champaign, for United Waste Systems, Inc.

Paul R. Lynch and Rochelle A. Funderburg, both of Craig & Craig, of Mattoon, for D & B Refuse Service, Inc.

No appearance for appellee City of Tuscola.

JUSTICE TRAPP delivered the opinion of the court:
D & B Refuse Service, Inc. (D & B), appeals from an injunction issued in favor of the city of Tuscola (Tuscola) prohibiting D & B from collecting garbage in Tuscola and from a declaratory judgment that a contract between Tuscola and United Waste Systems, Inc. (United), gives United an exclusive right to collect garbage in Tuscola, in the absence of further action by Tuscola. United appeals from the refusal

of the trial court to enter in its favor an injunction similar to that granted Tuscola.

This case arises out of a contractual arrangement between United and its predecessor entities, on the one side, and the city of Tuscola, on the other side, which has been in effect in one form or another since March 1974 and provides for the collection of garbage in Tuscola. Included among the provisions of the pre-1981 contracts was "an exclusive right" on the part of United's predecessors to furnish trash pickup and disposal service in Tuscola for the term of the agreement.

The most recent contract, dated January 8, 1981, provides, *inter alia*, that the contractor is to collect and dispose of all solid waste generated in Tuscola, is to charge all customers except the city of Tuscola for waste disposal services according to a schedule of fees set out in the agreement, and that "[a]ll persons or entities creating solid wastes subject to this Agreement shall be required by appropriate City ordinance to pay fees and charges provided for herein unless an exemption is granted by the City for certified alternative disposition not in conflict with this Agreement." The 1981 agreement also provides that all city ordinances, resolutions or parts thereof in conflict with the agreement are to that extent declared inapplicable. However, the 1981 agreement, unlike the prior agreements, does not explicitly confer upon the contractor an exclusive right to collect garbage in Tuscola.

The impetus for Tuscola's and United's commencing legal action against D & B was D & B's beginning garbage collection service in Tuscola, in competition with United, in July 1983. Following a bench trial, the circuit court entered the aforementioned injunction and declaratory judgment in favor of Tuscola, but declined to issue an injunction in favor of United.

The only parties who entered appearances on appeal are United and D & B; the city of Tuscola did not file a brief. United contends that the language of the contract between the city of Tuscola and United's predecessor company, as well as the evidence introduced at trial, taken as a whole, supports its position that the 1981 agreement confers upon it a monopoly as to the collection of garbage in Tuscola.

In support of its assertion that there was no basis for the circuit court's issuance of an injunction and declaratory judgment in favor of Tuscola, and that there would have been no basis for an injunction in United's favor, D & B maintains: (1) Tuscola took no action of a legislative nature which conferred upon United a monopoly for the collection of solid waste; (2) if Tuscola did take proper legislative action to create a waste disposal monopoly (a) United and Tuscola failed to

prove irreparable injury absent an injunction or the inadequacy of their legal remedies and (b) such a monopoly is violative of both the Sherman and Clayton Anti-Trust Acts (15 U.S.C. secs. 1 through 7; 12 through 27 (1982)); and (3) parol evidence was improperly admitted to explain the meaning of the 1981 agreement. Because of our decision, we need address only D & B's first contention.

■ It is elemental that an act of a unit of local government which purports to prescribe a rule or rules of conduct applicable to the general public must be embodied in an ordinance. It is also well established that a resolution is inadequate to accomplish that which must be done by means of an ordinance. (*City of Mound City v. Mason* (1914), 262 Ill. 392, 104 N.E. 685; *People v. City of Oregon* (1971), 132 Ill. App. 2d 62, 265 N.E.2d 693.) These doctrines are rooted in logic and human experience, for an individual seeking to determine the propriety of a contemplated course of conduct will usually look only to statutes, governmental agency administrative regulations and municipal ordinances for guidance. It would be patently absurd to expect a citizen to rummage through sheaves of resolutions or other statements of a municipal governing body in order to determine whether particular conduct is or is not condoned by that governing body.

■ In the case at bar, the 1981 contract between United's predecessor firm and Tuscola was ratified by means of a resolution, and the record contains no indication that Tuscola at any time enacted an ordinance prohibiting firms other than United from engaging in the waste disposal business within its territory. In the absence of such an ordinance, it simply cannot be said that on the basis of the record before us D & B violated any legislative enactment of the city of Tuscola in commencing garbage collection service there. It follows that there was a basis for neither the injunction issued in favor of Tuscola prohibiting D & B from collecting garbage there nor for the declaratory judgment that United has a monopoly as to the collection of garbage in Tuscola. Furthermore, the record before us does not demonstrate that D & B has violated any legally cognizable right of United, since the city of Tuscola has not validly conferred a waste collection monopoly upon United. *Ergo*, the circuit court properly denied United's request for an injunction.

We have examined the cases cited by United in support of its position that the resolution approving the 1981 contract was sufficient to confer upon it a waste collection monopoly. None require a different result. Neither *Illinois Municipal Retirement Fund v. City of Barry* (1977), 52 Ill. App. 3d 644, 367 N.E.2d 1048, nor *Houston v. Village of Maywood* (1956), 11 Ill. App. 2d 433, 138 N.E.2d 37, involved reso-

lutions purporting to prescribe a rule or rules of conduct for an indefinite period of time. In *Village of Sherman v. Village of Williamsville* (1982), 106 Ill. App. 3d 174, 435 N.E.2d 548, we did indeed hold that a municipality has *authority* to contract for exclusive distribution of water within its boundaries, but the case did not involve a question as to the proper method of exercising that authority.

In summary, the trial court erred in awarding the city of Tuscola declaratory relief and in enjoining D & B from engaging in the collection of garbage in Tuscola, but correctly denied United's request for an identical injunction. We therefore reverse the portions of the circuit court's order providing for declaratory relief and an injunction in Tuscola's favor and affirm the portion of the order denying United an injunction.

Affirmed in part, reversed in part.

MILLS and McCULLOUGH, JJ., concur.