RICHARD SOMMERFELD AND LYNN SOMMERFELD, APPELLEES, V. CITY OF SEWARD, NEBRASKA, APPELLANT.

375 N.W.2d 129

Filed October 25, 1985.    No. 84-657.

Russell A. Souchek of Souchek & Kimble, for appellant.

Larry L. Brauer of Allan, Brauer & Mullally, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

The City of Seward appeals a declaratory judgment entered by the district court for Seward County in favor of Richard and Lynn Sommerfeld, namely, judgment that a resolution of the Seward City Council was unconstitutional. See Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 to 25-21,164 (Reissue 1979). The district court also issued a mandatory injunction in favor of Sommerfelds requiring the city's issuance of a permit for a well within the city. We affirm.

Since 1981 the city has had ordinance No. 9-834, which, in pertinent part, provides:

It shall be unlawful for any person or persons to dig, drill or construct a well within the corporate limits of the City without first having obtained a permit therefor from the City Council. The applications for private well permits shall be obtained from the office of the Building Inspector
. . . .

. . . .
Such application shall be accompanied with an

application fee of fifty ($50.00) dollars which shall cover the inspections, no part of which is refunded if the application is denied.

The required contents of an application for a well permit are not material to our decision and, therefore, have been deleted in reference to ordinance No. 9-834.

During existence of ordinance No. 9-834, the Seward City Council on May 3, 1983, passed resolution No. 11-83 as follows:

WHEREAS, the City of Seward, Nebraska has an inherent moral and legal responsibility to maintain a dependable and adequate municipal water system; and,

WHEREAS, the City of Seward, Nebraska has had to incur $1,500,000 debt to implement improvements to the municipal water supply system; and,

WHEREAS, the impact of said indebtedness has caused the City to increase water rates significantly, with future increases necessary to successfully maintain the system and finance the incurred indebtedness; and,

WHEREAS, additional private wells could significantly impact the financial stability of the Municipal Water Department;

NOW THEREFORE BE IT RESOLVED BY THE MAYOR AND COUNCIL OF THE CITY OF SEWARD, NEBRASKA that the City of Seward, Nebraska will not allow additional private wells until such time as the Municipal Water Department's financial strength has stabilized.

On February 13, 1984, Sommerfelds, as owners of real estate within the city, filed a petition alleging the city, on the basis of resolution No. 11-83, had refused to file Sommerfelds' application for a well permit and, therefore, had denied a well permit. Sommerfelds also alleged that resolution No. 11-83 violated their constitutional rights concerning due process and equal protection and that the questioned resolution was an illegal exercise of the city's police powers. In the prayer of their petition Sommerfelds sought a declaration of the rights and duties of the parties consequent to ordinance No. 9-834 and resolution No. 11-83. Sommerfelds also sought judgment that

resolution No. 11-83 was "unconstitutional, invalid and void" and requested an injunction prohibiting the city from denying plaintiffs the well permit requested.

In its answer the city alleged that resolution No. 11-83 was "a proper, reasonable and lawful regulatory exercise of the authority granted to the defendant in the operation of its water system and water department as a utility business and as a proprietary enterprise operated by the defendant," as well as a measure "proper and necessary for the protection of the health and public safety and for the general interest and welfare of the inhabitants of the City . . . ."

Sommerfelds and the city moved for summary judgment.

An affidavit of the city administrator was presented at the hearing for summary judgment. That affidavit recited: As a result of a water shortage in 1980, the city had to construct and expand its water system to avoid future shortage. For such water project the city has incurred a current indebtedness of $1,500,000 and will require an additional $1,331,000 for bond service to pay future indebtedness regarding the water project. The affidavit continued:

> That after study and consideration, by the Mayor and City Council, it was determined that in order to better accomplish payment of current indebtedness and to stabilize anticipated receipts, secure a favorable bonding program to borrow funds required for additional expansion still needed and maintain the existing supply, distribution and storage system, it was deemed in the best interests of the City utility system not to continue the granting of further permits for private wells, for the reason that an increased number of private wells would further reduce water usage, and therefore, reduce revenue to the City of Seward Water Department . . . .

Holding that resolution No. 11-83 was unconstitutional, the district court granted summary judgment to Sommerfelds and ordered that, upon Sommerfelds' compliance with ordinance No. 9-834, the city shall issue a well permit to Sommerfelds.

The city does not complain about relief granted in the form of a mandatory injunction requiring issuance of a well permit to Sommerfelds but contends the judgment of the district court

is contrary to law and unsupported by evidence.

The record in these proceedings for summary judgment presents no genuine issue as to any material fact inasmuch as all relevant facts are undisputed. Therefore, the question is whether Sommerfelds are entitled to judgment as a matter of law. See Neb. Rev. Stat. § 25-1332 (Reissue 1979) (rendition of summary judgment). However, the Supreme Court is not bound by the ground purportedly used by the trial court as the basis for granting summary judgment. See, *Garrett v. Nissen Corporation*, 84 N.M. 16, 498 P.2d 1359 (1972); *C & H Const. & Paving Co. v. Citizens Bank*, 93 N.M. 150, 597 P.2d 1190 (1979). Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, the Supreme Court will affirm. See *Robeson v. State*, 285 Md. 498, 403 A.2d 1221 (1979).

It has long been a rule in Nebraska that a court, including the Supreme Court, will decline to pass upon constitutionality of legislation unless such determination of constitutionality is necessary for proper disposition of an action. See *State ex rel. Casselman v. Macken*, 194 Neb. 806, 235 N.W.2d 867 (1975). Under the circumstances of this case, we need not resolve a constitutional question for our disposition of the city's appeal.

At the crux of this case is the role or status of a municipal resolution as legislation, and, more precisely, the critical question is whether a resolution is a validly effective means to amend, suspend, or repeal an ordinance.

The term *ordinance* is generally used to designate a local law of a municipal corporation, duly enacted by the proper authorities, prescribing general, uniform, and permanent rules of conduct, relating to the corporate affairs of the municipality. 5 E. McQuillin, The Law of Municipal Corporations § 15.01 (3d ed. 1981). A resolution is generally not the equivalent of an ordinance, but is rather an act of a temporary character; is ordinarily sufficient for council action on ministerial, administrative, or executive matters; and does not rise to the dignity of an ordinance. C. Rhyne, The Law of Local Government Operations § 8.1 (1980). In *Weilage v. City of Crete*, 110 Neb. 544, 548-49, 194 N.W. 437, 439 (1923), this

court stated:

> It has been several times held by this court, and is, we think, the universal doctrine, that where the statute definitely prescribes a method of action, that method must be followed. Where this is not done, if the action taken by the municipality amounts to prescribing a permanent rule of conduct which is thereafter to be observed by the inhabitants of the municipality, or by its officers in the transaction of corporate business, then the rule prescribed may be more properly expressed in the form of an ordinance; but it is entirely proper to act by resolution, if the action taken is merely declaratory of will of the corporation in a given matter, and is in the nature of a ministerial act.

In a legislative proportion, statutes are to a state as ordinances are to a municipality.

For passage of ordinances by a city of the first class, as the City of Seward, there must be compliance with specific statutory requirements; for example, a majority of all members elected to the city council must concur in passage or adoption of an ordinance; an ordinance of a general or permanent nature must be read by title on three different days unless such requirement is suspended by appropriate vote of the governing body; and "except as provided in section 19-915 [changes in zoning regulations], no ordinance or section thereof shall be revised or amended unless the new ordinance contains the entire ordinance or section as revised or amended, and the ordinance or section so amended shall be repealed . . . ." See Neb. Rev. Stat. § 16-404 (Reissue 1983). Further, all ordinances of a general nature must, within 15 days after passage, be published in a newspaper located in the city. See Neb. Rev. Stat. § 16-405 (Reissue 1983).

One desirable characteristic of local legislation, if not all legislation, should be easily accessible identification of ordinances governing conduct of those within a municipality. Cf. Neb. Rev. Stat. § 16-403 (Reissue 1983) (publication of ordinances in the form of a book or pamphlet). As expressed in *City of Tuscola v. D & B Refuse Service,* 131 Ill. App. 3d 168, 170, 475 N.E.2d 633, 634 (1985):

It is elemental that an act of a unit of local government which purports to prescribe a rule or rules of conduct applicable to the general public must be embodied in an ordinance. It is also well established that a resolution is inadequate to accomplish that which must be done by means of an ordinance. [Citations omitted.] These doctrines are rooted in logic and human experience, for an individual seeking to determine the propriety of a contemplated course of conduct will usually look only to statutes, governmental agency administrative regulations and municipal ordinances for guidance. It would be patently absurd to expect a citizen to rummage through sheaves of resolutions or other statements of a municipal governing body in order to determine whether particular conduct is or is not condoned by that governing body.

As envisioned by §§ 16-404 and 16-405, public notice and opportunity for public participation in the local legislative process are important considerations in attributing superiority of an ordinance over a resolution. See *Inganamort v. Borough of Fort Lee*, 72 N.J. 412, 371 A.2d 34 (1977).

Thus, generally, an ordinance cannot be amended, repealed, or suspended by a resolution. C. Rhyne, *supra* § 8.7; 6 E. McQuillin, The Law of Municipal Corporations § 21.13 (3d ed. 1980). See, also, *Inganamort v. Borough of Fort Lee, supra.* As expressed in *J. D. Abrams, Inc. v. Sebastian*, 570 S.W.2d 81, 86 (Tex. Civ. App. 1978): "[I]t takes a law to repeal a law, and . . . an act which destroys should be of equal dignity with that which established the procedure . . . and . . . an ordinance may be repealed only by another ordinance and not by resolution . . . ." See, also, *Cross v. Soderbeck*, 94 Wis. 2d 331, 288 N.W.2d 779 (1980).

Although the district court found the city's legislative action to be unconstitutional, we find the pleadings sufficient to raise a question regarding the general validity of resolution No. 11-83 irrespective of any question concerning constitutionality. The record adequately demonstrates that the decision of the trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court.

Consequently, we find that resolution No. 11-83 is not a valid

amendment, repeal, or suspension of ordinance No. 9-834 of the City of Seward. Because ordinance No. 9-834 was still in effect when Sommerfelds applied for their well permit and controlled issuance of a permit for a private well, resolution No. 11-83 does not bar issuance of a well permit.

Inasmuch as the city does not question the propriety or form of injunctive relief as a consequence of Sommerfelds' action and, further, because the issue of the relationship between an ordinance and resolution has been resolved, we affirm the judgment of the district court.

AFFIRMED.

KRIVOSHA, C.J., concurs in the result.