EMELIA PROROK, APPELLANT, V. COUNTY OF CUSTER, NEBRASKA; NEAL FINK, CUSTER COUNTY SHERIFF; AND GEORGE RHODES, CUSTER COUNTY ATTORNEY, APPELLEES.

381 N.W.2d 106

Filed February 7, 1986.   No. 84-667.

Kent A. Schroeder of Ross, Schroeder & Fritzler, for appellant.

Gregory G. Jensen, for appellees.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

Plaintiff, Emelia Prorok, appeals the summary judgment entered on her negligence claim against the County of Custer,

the Custer County sheriff, and the Custer County attorney.

Prorok's claim is based on the same facts as *Nebraska State Bank & Trust Co. v. Wright*, 213 Neb. 822, 331 N.W.2d 535 (1983), in which Prorok was appellant and in which we affirmed the confirmation of a real estate foreclosure sale. Nevertheless, we will repeat the more salient details for the sake of convenience.

On April 15, 1980, Nebraska State Bank and Trust Company of Broken Bow, Nebraska (Bank), was awarded a decree of foreclosure of its blanket $341,696.88 mortgage on separate tracts of land. The priorities established as to one particular tract (Lots 14, 15, and 16, Block 13, J. P. Gandy's Addition to Broken Bow, Custer County, Nebraska) were: First lien, First Federal Savings and Loan Association of Lincoln (First Federal), on an unforeclosed mortgage, $24,698.58; second lien, Robert and LaDann Hostick, on a foreclosed mortgage, $5,339.32; third lien, Bank, allocated at $12,035.98; fourth lien, Prorok, $9,558. The decree provided that in the event of a judicial sale the tract was to be sold subject to First Federal's mortgage. On February 9, 1981, an order of sale was issued directing the sale of the tract subject to First Federal's mortgage.

The sheriff's published notice of sale made no reference to First Federal's mortgage. The sheriff announced during the sale that the property was being sold subject "only to" taxes of record and that it would not be subject to any current liens. The tract was sold to Bank for $45,500.

On April 23, 1981, the trial court set the sale aside, upon Bank's motion, finding that the sheriff had made misleading statements concerning the liens due on the land and that Bank's bid was a mistake. Carl Norden, who bid on behalf of Bank, stated by affidavit that he would not have bid $45,500 for the tract had he known that the property was to be sold subject to the First Federal mortgage. Two more judicial sales took place, with high bids of $10,100 and $12,001. Each was set aside.

The last sale was ordered on January 8, 1982. That sale was finally confirmed for the price of $19,000, bid by Burdette Christensen. Prorok objected to the confirmation, or in the alternative moved the court to readjust the lien priorities.

Prorok filed a motion for new trial. Both of Prorok's motions were denied, and the decision was affirmed on appeal to this court. *Nebraska State Bank & Trust Co. v. Wright, supra.*

In the case at bar Prorok claims that Custer County, the sheriff, and the county attorney committed several acts of negligence in the preparation for and performance of the foreclosure sale. She claims that in the absence of those acts of negligence, the first sale would have been confirmed and her lien would have been satisfied in part by the $45,500 final bid. Prorok reasons that the proceeds from the first sale should have been distributed $6,000.23 to Robert and LaDann Hostick, $29,322.20 to Bank, and the remaining $10,177.57 to Prorok. Most of Prorok's claim would be satisfied with such an arrangement. Prorok's distribution scheme allocates none of the proceeds to First Federal, since Bank's foreclosure decree provided that the property should be sold subject to the First Federal mortgage.

The trial court sustained the defendants' motion for summary judgment, generally on the basis of sovereign immunity. Although we do not agree with the trial court's reason, we do agree that it was correct in sustaining the motion. "Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, the Supreme Court will affirm." *Sommerfeld v. City of Seward, ante* p. 76, 80, 375 N.W.2d 129, 132 (1985).

If the record in summary judgment proceedings presents no genuine issue as to any material fact, the ultimate inferences to be drawn from those facts are clear, and the moving party is entitled to judgment as a matter of law, the motion should be granted. *Sommerfeld v. City of Seward, supra*; *Watters v. Foreman*, 204 Neb. 670, 284 N.W.2d 850 (1979).

The facts in this case are undisputed. The court ordered the sale subject to the mortgage of First Federal. The sheriff represented to the assembled potential bidders that the property would not be subject to any liens except for unpaid taxes. The Bank bid on the property believing that its purchase would not be subject to any liens, and Bank would not have bid the property in at the price it did had it known the true state of

facts.

In other words, but for the sheriff's misstatement, there would have been no bid sufficient to have created excess funds in which Prorok could have shared. That is the position in which she now finds herself. She has ended up in the same position in which she would have been had the sheriff not been guilty of negligent conduct in the first place.

This is a question of proximate cause. As used in the law of negligence, proximate cause is that cause which, in a natural and continuous sequence unbroken by an efficient intervening cause, produced the injury or loss, and without which the injury or loss would not have occurred. The burden was on Prorok to show that the negligent conduct on the part of the sheriff, which we assume to have existed, was the proximate cause of her loss. This she cannot and did not do.

The judgment of the trial court was correct and is affirmed.

AFFIRMED.