THE CITY OF PEORIA, Plaintiff-Appellant, v. ROGER HEIM, Defendant-Appellee.

Third District    Nos. 3—91—0917, 3—91—0963 cons.

Opinion filed June 17, 1992.

Clifton Mitchell, Assistant Corporation Counsel, of Peoria, for appellant.

Jerry T. Stafford, of Peoria, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The City of Peoria (City) appeals the entry of summary judgment in favor of the defendant, Roger Heim. We affirm.

On August 30, 1989, the City filed a complaint against Roger Heim for failing to have one parking space for each dwelling unit at 103 and 105 N.E. Roanoke. The City alleged that Heim violated section 2—22.1033, appendix B, of the code of the City of Peoria (the Code). Heim purchased these properties in 1975. The uncontradicted evidence established (1) the structure located at 103 N.E. Roanoke was converted from a one-family residence to a four-unit, multi-family dwelling prior to 1955; and (2) the structure located at 105 N.E. Roanoke was converted from a one-family residence to a nine-unit, multi-family dwelling in 1952.

The City's off-street parking regulations enacted May 29, 1979, provide as follows:

"In the use of land for residential, commercial, industrial or any other purpose, no residential, commercial, industrial or any other building or structure shall be erected and no major reconstruction, or no change in use made to an existing residential, commercial, industrial or any other building or structure, unless there already is in existence upon the lot, or unless provision is made for the location on the lot, concurrently with the erection or major reconstruction, or change in use, off-street parking facilities comprising adequate access drives or aisles or parking spaces on the basis of the following minimum requirements:

\* \* \*

.1033 Dwelling: One parking space for each dwelling unit plus one parking space for each roomer in each dwelling unit in respect to single and duplex dwellings." Peoria, Ill., City Code Appendix B, §§2—22.1000, 2—22.1033 (1979).

Heim filed a motion for summary judgment. Heim alleged that he did not erect, reconstruct or change the use of the structures at any time during his ownership. The City did not dispute Heim's assertion. Rather, the City admitted that the previous property owners had made the changes to the property, which occurred *prior* to the enactment of the ordinance. The trial court granted summary judgment in favor of Heim.

The City contends that the trial court erred in interpreting section 2—22.1033. We believe the proper issue on appeal is not the interpretation or construction of the ordinance. Rather, it is whether Heim personally violated the ordinance.

■■ A City's enforcement of an ordinance is quasi-criminal in nature. (*City of Northbrook v. Cannon* (1978), 61 Ill. App. 3d 315, 377 N.E.2d 1208.) The City has the burden of proving a violation of an ordinance by a clear preponderance of the evidence. (*City of Chicago v. Chiagouris* (1968), 95 Ill. App. 2d 446, 238 N.E.2d 167.) A conviction for an ordinance violation requires proof that the accused actually violated the ordinance in effect at the time of the alleged violations. (*City of Chicago v. Thomas* (1968), 91 Ill. App. 2d 245, 234 N.E.2d 350.) In order to establish an ordinance violation, the ordinance must have been in effect at the time of the violation. *Raker v. Village of Maquon* (1881), 9 Ill. App. 155; *City of Tuscola v. D. & B. Refuse Service, Inc.* (1985), 131 Ill. App. 3d 168, 475 N.E.2d 633.

■■ We note section 2—22.1033 of the Code was enacted in 1979. Heim purchased these properties in 1975. It is uncontradicted that Heim did not erect, reconstruct, or change the use of the properties at any time during his ownership. The City has clearly admitted that the change in the use of the real estate occurred sometime in the 1950's by previous owners. We find from our review of the record no evidence to support the City's claim that Heim violated the ordinance. Accordingly, no violation of the ordinance occurred because the City did not prove Heim personally violated section 2—22.1033 of the Code.

We further hold that the zoning ordinance cannot be retroactively applied. The ordinance does not evidence intent for any retroactive application. Any intent that an ordinance operate retroactively must be evident, as where the pertinent language specifically requires compliance by preexisting buildings. (*Baron v. Abt* (1965), 61 Ill. App. 2d 414, 425, 209 N.E.2d 843, 849.) We find the trial court's entry of summary judgment was correct.

Based on the reasons indicated, the circuit court of Peoria County is hereby affirmed.

Affirmed.

BARRY, P.J., and GORMAN, J., concur.