Village of Gurnee, a Municipal Corporation, Plaintiff-Appellee, v. Virgil Miller, Defendant-Appellant.

**Gen. No. 65–110.**

Second District.

April 18, 1966.

Rehearing denied May 5, 1966.

James P. Moore, of Waukegan, for appellant.

W. Howard Swanson, of Waukegan, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

The defendant operates an automobile junkyard in the Village of Gurnee in Lake County. It is stipulated that his operation consists of dismantling wrecked motor vehicles and burning the dismantled bodies causing the emission of black smoke, among other things.

On April 7, 1958, the village adopted a comprehensive zoning ordinance classifying the defendant's property partially for residential and partially for business uses. The ordinance contains a so-called amortization provision which requires junkyards to be terminated as a land use thirty-six months after a change in the zoning classification of the property. In this instance, junkyards are not a permitted use in either the residential or business classifications of the village ordinance and therefore, on April 7, 1958, the defendant's property became a nonconforming use and he was required to terminate such use thirty-six months thereafter.

The defendant failed to terminate the use within the time prescribed and was arrested by village authorities. Subsequently, he was found guilty and fined $50 in the Police Magistrate Court. Under the former practice, the defendant appealed to the Circuit Court of Lake County and the matter was heard on a stipulation of facts including all of the foregoing facts.

A memorandum of decision filed by the trial judge makes it clear that the trial court viewed the matter as a serious legal problem and one to be given thoughtful consideration. The court noted that under the

appropriate provisions of the Municipal Code the corporate authorities may provide for the gradual elimination of nonconforming uses. Chapter 24, section 11–13–1, Ill Rev Stats. Amortization ordinances have been upheld in other states and while there was no Illinois decision on the point at the time of the trial court's consideration, such ordinances have now been upheld in Illinois. Village of Oak Park v. Gordon, 32 Ill2d 295, 205 NE2d 464 (1965). The trial court pointed out that while amortization ordinances present a question of the reasonableness of the time limit, it is reasonable and common to provide a shorter amortization period for land uses and a longer period for buildings.

The trial court determined that the village ordinance was valid and reasonable in its application to defendant's property and affirmed the decision of the Magistrate. This appeal followed.

As stated, at the time of making his decision, the trial judge did not have the benefit of the Supreme Court's opinion in Village of Oak Park v. Gordon, supra. However, he correctly anticipated that when presented with the question the Illinois courts would decide that amortization ordinances are valid assuming their reasonableness as applied to particular property. Subsequent to the trial decision, our Supreme Court held in the Gordon case, supra, that amortization ordinances were a valid exercise of the police power and of the statutory authority granted by the Legislature. Although the court held that the ordinance there in question as applied to the property in question was invalid because no public need appeared for the restriction; still it noted that an amortization ordinance like any other ordinance is entitled to a presumption of validity and the burden is cast upon the person seeking to overthrow the ordinance to prove that the public welfare does not require the restriction. (See Jans v. City of Evanston, 52 Ill App2d 61, 201 NE2d 663 (1964).) We find the stipulation of facts

wanting with regard to any facts supporting the defendant's position that the public welfare does not require the imposed restriction. The defendant admits that he operates a junkyard, dismantles automobiles and burns them, causing the emission of black smoke.

We conclude that the defendant has failed to overcome the presumption of validity of the ordinance and that the trial judge was correct and should be affirmed.

Judgment affirmed.

ABRAHAMSON and DAVIS, JJ., concur.