494 A.2d 1102

**Otto BACHMAN, Appellant,**

**v.**

**The ZONING HEARING BOARD OF BERN TOWNSHIP, Appellee.**

Supreme Court of Pennsylvania.

Submitted Jan. 21, 1985.

Decided July 3, 1985.

Paul T. Essig, Thomas G. Parisi, Reading, for appellant.

Scott L. Huyett, Reading, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-
MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

In 1951, appellant purchased approximately forty acres of land in Bern Township, Berks County. When he acquired the land there were eight bungalows, one farm house, and two sheds, occupying approximately two of the forty acres. Near the existing structures he added one bungalow in 1953 and another in 1954. He made improvements to the bungalows in the form of access roads, sewers, water lines, and electricity. Appellant used the farm house as a summer residence and rented the bungalows for both year-round and summer use.

In 1976, appellant conveyed to the United States, by deed in lieu of condemnation, almost thirty-two acres of his land, to be used by the government for its Blue Marsh dam project. Appellant retained salvage rights to the bungalows and in the summer of 1977, without benefit of building or zoning permits, he moved the bungalows to his remaining eight acres. Prior to that time those eight acres contained no structures of any kind.

Appellant was notified in 1978 that the existence of the bungalows violated the township's zoning ordinance. His subsequent application for a zoning permit was denied by the township's zoning officer.[1] His appeal of that denial was dismissed by the township's zoning hearing board. That dismissal was affirmed both by the Court of Common Pleas of Berks County 29 Pa.D & C 3d 184, and by the Commonwealth Court. 82 Pa.Cmwlth. 51, 474 A.2d 406 (1984).

---

1. The appellant did not apply either for a variance or for a special exception.

When Bern Township's zoning ordinance was adopted in 1973, appellant's forty acres were designated "Institutional/Recreational." The following uses were permitted in an Institutional/Recreational District:

a. Churches, chapels, convents, monasteries, or other places of worship and their adjunct residential dwellings;

b. Medical or surgical hospitals, medical center, sanitaria (including those for contagious diseases), and charitable institutions;

c. Rest or convalescent homes, including homes for aged or infirm;

d. Schools, colleges, universities, and other institutions of learning, adjunct dormitories, and adjunct play and recreational grounds or facilities;

e. Art galleries, museums, libraries, court-house buildings and community centers;

f. Public lands, game preserves and conservatories;

g. Parks, golf courses and other recreational land.

Bern Township Ordinance No. 26–1973, art. XIII, § 1301. Appellant's structures were not permitted in such a district except as a pre-existing use.

The board found, after a hearing, that appellant had a valid nonconforming use as long as his bungalows were confined to the part of the property on which the bungalows were located prior to 1977. The board also found that the pre-existing use was never enlarged or expanded to include the eight acres of land retained by appellant. Thus, the board concluded that the nonconforming use was destroyed upon the conveyance of the underlying land, and that the use could not be transferred to another portion of the original property.

In the present appeal appellant raises the following issues: whether the transfer of a nonconforming use to a contiguous piece of land should have been considered as a permissible expansion of that use; and whether the conveyance in lieu of condemnation of the land upon which the nonconforming use rested had the effect of extinguishing that use.

■ In appeals where no new evidence was taken by the courts below our review of a zoning board's action is limited to a determination of whether the evidence sustained the board's findings, and/or whether the board's action constituted an error of law or a manifest abuse of discretion. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). *Cf. Eitnier v. Kreitz*, 404 Pa. 406, 172 A.2d 320 (1961) (where the trial court takes additional evidence).

Appellant's first issue is based on his interpretation of the following section of the ordinance:

Section 2000—*Non-Conforming Uses.* Any lawful use of buildings or lands existing at the effective date of this ORDINANCE or amendment thereto, may be continued in its existing condition although such use does not conform to the provisions of this ORDINANCE subject to the following requirements.

a. No non-conforming use shall be enlarged or increased by more than 50% upon the ground not presently owned, leased or under option to purchase at the time the use became non-conforming.

Bern Township Zoning Ordinance No. 26–1973, art. XX, § 2000.

■ His contention is that this section should have been interpreted to permit the continuation of a nonconforming use on any portion of contiguous land owned at the time of the zoning change, so long as there was not an expansion of the use by more than 50%. The problem with appellant's argument is that it fails to recognize that the actions of the zoning board here were not directed at preventing an expansion per se. Rather, they were directed at forbidding the initiation of a use once it had been extinguished.

Prior decisions of this Court have held that the natural expansion of a nonconforming use is a constitutional right; and that nonconforming uses may not be limited by a zoning ordinance to the precise size or magnitude which existed at the time of the adoption of the ordinance. *See Silver v. Zoning Board of Adjustment*, 435 Pa. 99, 255

A.2d 506 (1969) *and Mack Zoning Appeal,* 384 Pa. 586, 122 A.2d 48 (1956). In this case the zoning board rejected Mr. Bachman's position not because of any disagreement with these legal tenets, but simply because he failed to establish the factual predicates which would have supported his legal argument.

In this record there is absolutely no evidence supporting appellant's contention that the removal of the bungalows was a natural expansion of his business. In fact, the only evidence regarding expansion was the landowner's testimony that he intended eventually to develop the eight acres that are at issue here. Although he testified that he "was consciously working with that aspect in mind," [2] the record clearly shows that he never took any steps in that direction.

In an analogous situation, where a landowner attempted to establish that he operated a nonconforming use prior to a zoning change, this Court, by Mr. Justice Musmanno, held that:

> Only physical evidence manifested in the most tangible and palpable form can bring about the application of nonconforming clauses in a zoning ordinance. Before a supposed nonconforming use may be protected, it must exist somewhere outside the property owner's mind.

*Cook v. Bensalem Township Zoning Board of Adjustment,* 413 Pa. 175, 179, 196 A.2d 327, 330 (1964).[3] Similar sentiments can be expressed concerning the present situation. Had Mr. Bachman previously operated his bungalows on part of the current eight acres, or had he previously sought to add more bungalows to the pre-existing ones we may have a different case. However, as it was, the board was presented with nothing more than Mr. Bachman's self-serving testimony that he eventually was going to develop the subject eight acres. We discern no abuse of the board's discretion in their decision to reject this testimony, and we agree with the courts below that there was sufficient evi-

**2.** Notes of Testimony, January 8, 1980, 26.

**3.** *See also, Overstreet v. Zoning Hearing Board of Schuylkill Township,* 49 Pa.Cmwlth. 397, 412 A.2d 169 (1980).

dence in the record to support the board's findings on this point.

■ Appellant also contests the board's conclusion that the decision to convey his land to the government constituted an extinguishment of the nonconforming use.

In *Hanna v. Board of Adjustment*, 408 Pa. 306, 183 A.2d 539 (1962), Mr. Justice Jones, speaking for the majority wrote:

> A basic purpose of zoning is to ensure an orderly physical development of the city, borough, township or other community by confining particular uses of property to certain defined areas. With such a purpose nonconforming uses are inconsistent. (Citation omitted.) The continuance of nonconforming uses under zoning ordinances is countenanced because it avoids the imposition of a hardship upon the property owner and because the refusal of the continuance of a nonconforming use would be of doubtful constitutionality. Even though zoning ordinances permit the continuation of nonconforming uses, it is the policy of the law to closely restrict such nonconforming uses and to strictly construe provisions in zoning ordinances which provide for the continuance of nonconforming uses. *Nonconforming uses, inconsistent with a basic purpose of zoning, represent conditions which should be reduced to conformity as speedily as is compatible with the law and the Constitution.*

*Id.*, 408 Pa. at 312–313, 183 A.2d at 543 (emphasis added).

Subsequently, in *Gross v. Zoning Board of Adjustment of the City of Philadelphia*, 424 Pa. 603, 227 A.2d 824 (1967), this Court stated that "the owner of property to which a lawful nonconforming use has attached enjoys a vested property right thereto which may not be abrogated, unless it is a nuisance, or abandoned, *or is extinguished by eminent domain* ..." *Id.*, 424 Pa. at 607, 227 A.2d at 827 (emphasis added).

In the present case appellant seeks to distinguish his situation from that of eminent domain by arguing that eminent domain refers only to actions taken by local author-

ities, as opposed to actions taken by the federal government. We cannot accept such a specious distinction. It is not asserted by Mr. Bachman that the federal government would not have instituted condemnation proceedings had he not negotiated a price for his property; and we are confident that they would have done so. Thus, Mr. Bachman was essentially in the same position as any victim of eminent domain.

The continuance of a nonconforming use is permitted to avoid a wrong notwithstanding that the use is an obstruction to a public purpose. The balance is settled by avoiding the injury to the property owner only so long as the governmental body fails to compensate for its loss. When, however, the governmental body acts by eminent domain to take the property, just compensation for the loss is substituted.[4] That a governmental body casts a jealous eye on a nonconforming use is also a balance; the use must not enlarge beyond its natural expectations, nor can it be moved from its original setting. To do either is not the original nonconforming use around which the zoning law was presumable designed, but rather a new venture, and new ventures must qualify under existing zoning laws.

Because we see no grounds upon which to distinguish Mr. Bachman's situation from that addressed in *Gross, id.*, we hold that the government's action in purchasing Mr. Bachman's land, under threat of condemnation, had the effect of extinguishing the nonconforming use. Consequently, as the board correctly determined, he could not transfer that extinguished use; for to do so effectively constituted an

**4.** It is important to emphasize that the actions of a governing body proceeding under powers of eminent domain or condemnation distinguish the present situation from other "taking" cases which are familiar to zoning law. *See e.g., Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); *Miller and Son Paving, Inc. v. Wrightstown Township,* 499 Pa. 80, 451 A.2d 1002 (1982). In the latter situation the argument proceeds along due process lines; asserting that an owner's property was effectively taken by a change in zoning laws, without regard to compensation. However, in the present and like cases, there is no question that the landowner has been compensated for his loss.

initiation of a prohibited use, the conduct of which the local municipality was permitted to regulate.[5]

The order of the Commonwealth Court is affirmed.

LARSEN, J., files a dissenting opinion.

FLAHERTY, J., files a dissenting opinion, in which LARSEN and PAPADAKOS, JJ., join.

FLAHERTY, Justice, dissenting.

I dissent. Prior to making a conveyance in lieu of condemnation, appellant maintained as a pre-existing non-conforming use the bungalows in question, upon the same forty acre tract of land as he now seeks to maintain them. Appellant has not sought to move the bungalows to another tract of land, and, indeed, the structures themselves are the very same ones that have at all relevant times been upon the forty acre tract. Appellant does not even seek to expand the non-conforming use, by enlarging the number or size of the bungalows. Rather, appellant seeks only to continue the very same use that has always been allowed as a non-conforming use upon the tract in question, by simply relocating the situs of the use upon the same tract. To deny the continued use of the land in this manner is to too narrowly construe the landowner's constitutional right to maintain land uses that existed prior to enactment of the zoning ordinance. I would, therefore, reverse the order of the Commonwealth Court, and order that the zoning permit in question be issued.

LARSEN and PAPADAKOS, JJ., join this dissenting opinion.

5. Our research has disclosed only one instance where a property owner was permitted to transfer a nonconforming use after that use had been extinguished by eminent domain. *See, Connor v. Township of Chanhassen,* 249 Minn. 205, 81 N.W.2d 789 (1957). We can find no other jurisdiction which has been willing to adopt this position. In fact, in a subsequent case, the Minnesota Supreme Court severely limited the impact of the *Connor* decision. *See State v. Pahl, et al.,* 254 Minn. 349, 95 N.W.2d 85 (1959); *Cf. Chizum v. Elkhart County Plan Commission,* 147 Ind.App. 691, 263 N.E.2d 654 (1970) (where landowner was denied permission to transfer nonconforming livestock operation).

LARSEN, Justice, dissenting.

I join in the Dissenting Opinion of Mr. Justice Flaherty.

This Court has stated that

where a zoning ordinance, provides in general terms, for the continuance of a lawful existing use, it imposes no restraint upon broadening the scope of the existing use, even though the use, as exercised at the time the ordinance was enacted, did not utilize the entire tract of land. In such a case ..., "The prohibition of the Ordinance is directed to new uses; it imposes no restraint upon broadening the scope of the existing use."

*Eitnier v. Kreitz Corporation*, 404 Pa. 406, 411–12, 172 A.2d 320, 323 (1961).

I would hold that appellant's current use of his land simply constitutes a broadening of the scope of the existing use. Appellant now uses his land in the same way he has always used it. The only change of circumstances in this case is that the portion of appellant's land now devoted to single-family bungalows is different from that portion of his land which was originally devoted to the bungalows; however, the use itself—the maintenance of one-family residences on appellant's property—has remained the same.

I would also add that I think the majority speaks too broadly when it concludes that "the use must not enlarge beyond its natural expectations, nor can it be moved from its original setting." At 1106. The Bern Township Zoning Ordinance itself provides for an enlargement or increase of a nonconforming use by up to 50% upon land which was not even owned at the time the use became nonconforming. Yet the majority has concluded that a property owner may not even move—not enlarge or increase, but simply move—his nonconforming use from one portion of his land to another portion of the same property.

I would reverse the order of the Commonwealth Court.