584 A.2d 1372

**PA NORTHWESTERN DISTRIBUTORS, INC., Appellant,**

v.

**The ZONING HEARING BOARD OF the TOWNSHIP OF MOON and the Township of Moon, Appellees.**

Supreme Court of Pennsylvania.

Argued Sept. 27, 1990.

Decided Jan. 7, 1991.

Michael E. Brunnabend, Allentown, for appellant.

Robert E. Durrant, Meyer, Darragh, Buckler, Bebenek, Eck & Hall, Pittsburgh, for Tp. of Moon.

Charles M. Means, Markel, Schafer & Means, P.C., Pittsburgh, for Zoning Hearing Bd.

Before NIX, C.J., and LARSEN FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This appeal presents an issue of first impression to this Court, i.e., whether a zoning ordinance which requires the amortization and discontinuance of a lawful pre-existing nonconforming use is confiscatory and violative of the constitution as a taking of property without just compensation.

On May 4, 1985, after obtaining the necessary permits and certificates to conduct its business on leased premises, appellant, PA Northwestern Distributors, Inc., opened an adult book store in Moon Township, Pennsylvania. Four days later, the Moon Township Board of Supervisors published a public notice of its intention to amend the Moon Township Zoning Ordinance to regulate "adult commercial enterprises." On May 23, 1985, following a public hearing on the matter, the Moon Township Board of Supervisors adopted Ordinance No. 243, effective on May 28, 1985, which ordinance imposes extensive restrictions on the location and operation of "adult commercial enterprises." Section 805 of the ordinance provides as follows:

*Amortization.* Any commercial enterprise which would constitute a pre-existing use and which would be in conflict with the requirements set forth in this amendment to the Moon Township Zoning Ordinance has 90 days from the date that the ordinance becomes effective to come into compliance with this ordinance. This 90–day grace period is designed to be a period of amortization for those

pre-existing businesses which cannot meet the standards set forth in this amendment to the Moon Township Zoning Ordinance.

Appellant's adult book store, by definition, is an adult commercial enterprise under the ordinance, and it does not and cannot meet the place restrictions set forth in the ordinance in that it is not located within an area designated for adult commercial enterprises.[1] The Zoning Officer of Moon Township notified appellant that it was out of compliance with the ordinance. Appellant filed an appeal to the Zoning Hearing Board of the Township of Moon, appellee herein. The appeal was limited to challenging the validity of the amortization provision set forth in the ordinance.

Following a hearing, the Zoning Hearing Board upheld the validity of the amortization provision as applied, and appellant filed an appeal to the Court of Common Pleas of Allegheny County. No further evidence was taken, and appellant's appeal was dismissed. On appeal, Commonwealth Court affirmed, 124 Pa.Cmwlth. 228, 555 A.2d 1368, basing its decision on *Sullivan v. Zoning Board of Adjustment,* 83 Pa.Commw. 228, 478 A.2d 912 (1984). We granted appellant's petition for allowance of appeal, and we now reverse.

■ Our scope of review in a zoning case, where the trial court has not taken additional evidence, is limited to determining whether the zoning hearing board committed an error of law or a manifest abuse of discretion. *Appeal of Miller,* 511 Pa. 631, 515 A.2d 904 (1986).

In the case of *Sullivan, supra,* the Commonwealth Court determined that provisions for the amortization of nonconforming uses are constitutional exercises of the police pow-

1. Section 803 of the ordinance requires that no adult commercial enterprise can operate within 500 feet of a pre-existing school, hospital, nursing home, group care facility, park, church, establishment selling alcoholic beverages, or another adult commercial enterprise. Section 804 requires that no adult commercial enterprise can operate within 1,000 feet of an area zoned residential. Appellant's adult book store is located closer to a school, a church and a residential district than permitted under these place restrictions.

er so long as they are reasonable. It was the opinion of the Commonwealth Court in that case, that the "distinction between an ordinance restricting future uses and one requiring the termination of present uses within a reasonable period of time is merely one of degree ..." 83 Pa.Commw. at 244, 478 A.2d at 920. To determine whether the amortization provisions are reasonable, the Commonwealth Court stated:

Each case in this class must be determined on its own facts; and the answer to the question of whether the provision is reasonable must be decided by observing its impact upon the property under consideration. The true issue is that of whether, considering the nature of the present use, the length of the period for amortization, the present characteristics of and the foreseeable future prospects for development of the vicinage and other relevant facts and circumstances, the beneficial effects upon the community that would result from the discontinuance of the use can be seen to more than offset the losses to the affected landowner.

83 Pa.Commw. at 247, 478 A.2d at 920.

Following this standard, the Zoning Hearing Board herein heard evidence regarding the impact upon the property in question with respect to the nature of the present use, the period for amortization, the characteristics of the vicinage, etc., and determined that the amortization provision was reasonable as applied. In this regard the Zoning Hearing Board stated that the "real and substantial benefits to the Township of elimination of the nonconforming use from this location ... more than offset the losses to the affected landowner." Opinion of the Board at 13 (May 20, 1987).

If the Commonwealth Court opinion in *Sullivan, supra,* had been a correct statement of the law in this Commonwealth, we would be constrained to find that appellee herein had not committed an error of law or an abuse of discretion. For the following reasons, however, we find that *Sullivan* is not a correct statement of the law regarding amortization provisions in this Commonwealth.

■ In this Commonwealth, all property is held in subordination to the right of its reasonable regulation by the government, which regulation is clearly necessary to preserve the health, safety, morals, or general welfare of the people. *Anstine v. Zoning Board of Adjustment,* 411 Pa. 33, 190 A.2d 712 (1963). Moreover, "a presumption of validity attaches to a zoning ordinance which imposes the burden to prove its invalidity upon the one who challenges it." *National Land and Investment Co. v. Easttown Township Board of Adjustment,* 419 Pa. 504, 522, 215 A.2d 597, 607 (1965). This Court has noted, however, that the presumption of a zoning ordinance's validity must be tempered by the Court's appreciation of the fact that zoning involves governmental restrictions upon a property owner's *constitutionally guaranteed* right to use his or her property, unfettered by governmental restrictions, except where the use violates any law, the use creates a nuisance, or the owner violates any covenant, restriction or easement. *Id.*[2]

Many other jurisdictions have upheld the validity of amortization provisions in zoning ordinances, finding that it is appropriate to balance the property interests of the individual with the health, safety, morals or general welfare of the community at large, and that, where reasonable, amortization provisions succeed in effectuating orderly land use planning and development in a way that the natural attrition of nonconforming uses cannot. See cases collected at Annotation, *Validity of Provisions for Amortization of Nonconforming Uses,* 22 A.L.R. 3d (1968 & Supp.1990). *See also* Katarincic, *Elimination of Non-Conforming Uses, Buildings, and Structures by Amortization-Concept Versus Law,* 2 Duq.L.Rev. 1 (1963).

**2.** At the hearing before the Zoning Hearing Board herein, no evidence was presented to show that appellant's adult book store had violated any law, created a nuisance in the community, or violated any covenant, restriction or easement. In fact, evidence presented at the hearing tended to show that appellant was operating its adult book store well within the parameters of the law in that prosecutions against appellant's employees for violations of the obscenity law, 18 Pa.C.S.A. § 5903, had resulted in acquittals. Hearing Transcript at 45–46 (Nov. 13, 1986).

Although this Court has never before considered the validity of an amortization provision in a zoning ordinance, it has long been the law of this Commonwealth that municipalities lack the power to compel a change in the nature of an existing lawful use of property. *See Gilfillan's Permit,* 291 Pa. 358, 140 A. 136 (1927); *see also Appeal of Miller, supra,* 511 Pa. at 641, 515 A.2d at 909 ("our law has long recognized the priority that must be given to lawful nonconforming uses."); *Bachman v. Zoning Hearing Board,* 508 Pa. 180, 187, 494 A.2d 1102, 1106 (1985) ("continuance of nonconforming use is permitted to avoid a wrong notwithstanding that the use is an obstruction to a public purpose. The balance is settled by avoiding the injury to the property owner only so long as the governmental body fails to compensate for its loss."); *Hanna v. Board of Adjustment,* 408 Pa. 306, 312–13, 183 A.2d 539, 543 (1962) (continuance of nonconforming uses countenanced to avoid imposition of hardship on property owner and because refusal of continuance "would be of doubtful constitutionality."); *Yocum Zoning Case,* 393 Pa. 148, 152, 141 A.2d 601, 604 (1958) (municipality is without power to compel change in nature of use where property was not restricted when purchased and is being used for lawful purpose); *Molnar v. George B. Henne & Co., Inc.,* 377 Pa. 571, 581, 105 A.2d 325, 329–30 (1954) ("rule as to nonconforming uses was evolved as a conceived element of due process"). In addition, municipalities may not prevent the owner of nonconforming property from making those necessary additions to an existing structure as are needed to provide for its natural expansion, so long as such additions would not be detrimental to the public welfare, safety, and health. *Yocum, supra,* 393 Pa. at 152–53, 141 A.2d at 604.

A lawful nonconforming use establishes in the property owner a vested property right which cannot be abrogated or destroyed, unless it is a nuisance, it is abandoned, or it is extinguished by eminent domain. *See Gross v. Zoning Board of Adjustment,* 424 Pa. 603, 227 A.2d 824 (1967). This determination is compelled by our constitution

which recognizes the "inherent and indefeasible" right of our citizens to possess and protect property, Pa. Const. art. I, § 1, and requires that just compensation be paid for the taking of private property, Pa. Const. art. I, § 10. As we emphasized in *Andress v. Zoning Board of Adjustment,* 410 Pa. 77, 82–84, 188 A.2d 709, 711–12 (1963):

'The natural or zealous desire of many zoning boards to protect, improve and develop their community, to plan a city or a township or a community that is both practical and beautiful, and to conserve the property values as well as the "tone" of that community is commendable. But they must remember that property owners have certain rights which are ordained, protected and preserved in our Constitution and which neither zeal nor worthwhile objectives can impinge upon or abolish.'

\*     \*     \*     \*     \*     \*

Neither the Executive nor the Legislature, nor any legislative body, nor any zoning or planning commission, nor any other Governmental body has the right—under the guise of the police power, or under the broad power of general welfare, or under the power of Commander-in–Chief of the Armed Forces, or under any other express or implied power—*to take, possess or confiscate private property for public use or to completely prohibit or substantially destroy the lawful use and enjoyment of property, without paying just compensation therefor:* . . .

(citations omitted) (emphasis in original)

■ Although at times it may be difficult to discern whether zoning legislation is merely regulating as opposed to "taking," this Court has stated that "[a] 'taking' is not limited to an actual physical possession or seizure of the property; if the *effect* of the zoning law or regulation is to deprive a property owner of the lawful use of his property it amounts to a 'taking', for which he must be justly compensated." *Cleaver v. Board of Adjustment,* 414 Pa. 367, 372, 200 A.2d 408, 412 (1964) (emphasis in original).

■ The effect of the amortization provision herein is to deprive appellant of the lawful use of its property in that the ordinance forces appellant to cease using its property as an adult book store within 90 days. Appellee argues that appellant is free to relocate to one of the few sites in the Township of Moon that complies with the place restrictions of the ordinance, or to change its use to sell some other commodity, in an attempt to convince this Court that the ordinance has not effectuated a "taking" of appellant's property without just compensation. The Pennsylvania Constitution, Pa. Const. art. I, § 1, however, protects the right of a property owner to use his or her property in any lawful way that he or she so chooses. If government desires to interfere with the owner's use, where the use is lawful and is not a nuisance nor is it abandoned, it must compensate the owner for the resulting loss. A gradual phasing out of nonconforming uses which occurs when an ordinance only restricts future uses differs in significant measure from an amortization provision which restricts future uses *and* extinguishes a lawful nonconforming use on a timetable which is not of the property owner's choosing.

The language of the Missouri Supreme Court in *Hoffman v. Kinealy*, 389 S.W.2d 745, 753 (Mo.1965), is apropos to the issue of this case:

[I]t would be a strange and novel doctrine indeed which would approve a municipality taking private property for public use without compensation if the property was not too valuable and the taking was not too soon, and prompts us to repeat the caveat of Mr. Justice Holmes in *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 416, 43 S.Ct. 158, 160, 67 L.Ed. 322, 326, 28 A.L.R. 1321, that "[we] are in danger of forgetting that a strong public desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the constitutional way of paying for the change."

*Accord People Tags, Inc. v. Jackson County Legislature*, 636 F.Supp. 1345 (W.D.Mo.1986); *Ailes v. Decatur County*

*Area Planning Comm'n,* 448 N.E.2d 1057 (Ind.1983); *Sun Oil Co. v. City of Upper Arlington,* 55 Ohio App.2d 27, 379 N.E.2d 266, 9 Ohio Op. 3d 196 (1977).

■ Thus, we hold that the amortization and discontinuance of a lawful pre-existing nonconforming use is per se confiscatory and violative of the Pennsylvania Constitution, Pa. Const. art. I, § 1. There are important policy considerations which support this determination. If municipalities were free to amortize nonconforming uses out of existence, future economic development could be seriously compromised. As one commentator has noted:

The law of zoning should be designed to protect the reasonable expectations of persons who plan to enter business or make improvements on property. The possibility that the municipality could by zoning force removal of installations or cessation of business might serve to deter such investors.

Note, *Nonconforming Uses: A Rationale and an Approach,* 102 U.Pa.L.Rev. 91, 103 (1953). This commentator also notes that forced destruction will often result in economic waste. *Id.* at 104.

It is clear that if we were to permit the amortization of nonconforming uses in this Commonwealth, *any* use could be amortized out of existence without just compensation. Although such a zoning option seems reasonable when the use involves some activity that may be distasteful to some members of the public, *no* use would be exempt from the reach of amortization, and *any* property owner could lose the use of his or her property without compensation. Even a homeowner could find one day that his or her "castle" had become a nonconforming use and would be required to vacate the premises within some arbitrary period of time, *without just compensation.* Such a result is repugnant to a basic protection accorded in this Commonwealth to vested property interests.

Accordingly, we find that the amortization provision, Section 805, of Ordinance No. 243 of the Township of Moon is unconstitutional on its face, and we reverse the order of the

Commonwealth Court, which affirmed the order of the Court of Common Pleas of Allegheny County dismissing appellant's appeal from the decision of the Zoning Hearing Board of the Township of Moon.

NIX, C.J., files a concurring opinion which PAPADAKOS, J., joins.

McDERMOTT, J., files a concurring and dissenting opinion.

NIX, Chief Justice, concurring.

While I agree with the result reached by the majority, that Section 805 of Ordinance No. 243 is invalid in this case, I must disagree with the finding that any provision for the amortization of nonconforming uses would be *per se* confiscatory and unconstitutional. I would uphold the Commonwealth Court's decision relying on *Sullivan v. Zoning Board of Adjustment,* 83 Pa.Commw. 228, 478 A.2d 912 (1984), and hold that a reasonable amortization provision is valid if it reflects the consideration of certain factors.[1] The instant provision, however, falls short of the reasonableness requirements and therefore must be struck down.

The weight of authority supports the conclusion that a reasonable amortization provision would not be unconstitutional. *See generally* 22 A.L.R.3d. 1134 (1968). It has been stated that a blanket rule against amortization provisions should be rejected because such a rule has a debilitating effect on effective zoning, unnecessarily restricts a state's police power, and prevents the operation of a reasonable

---

1. As the Commonwealth Court noted in *Sullivan v. Zoning Board of Adjustment,* 83 Pa.Commw. 228, 244, 478 A.2d 912, 920 (1984):

   Each case in this class must be determined on its own facts; and the answer to the question of whether the provision is reasonable must be decided by observing its impact upon the property under consideration. The true issue is that of whether, considering the nature of the present use, the length of the period for amortization, the present characteristics of and the foreseeable future prospects for development of the vicinage and other relevant facts and circumstances, the beneficial effects upon the community that would result from the discontinuance of the use can be seen to more than offset the losses to the affected landowner.

and flexible method of eliminating nonconforming uses in the public interest. *Lachapelle v. Goffstown,* 107 N.H. 485, 225 A.2d 624 (1967). The New Hampshire court found acceptable amortization provisions which were reasonable as to time and directed toward some reasonable aspect of land use regulation under properly delegated police power. *Id.* Other cases have considered several factors in determining the reasonableness of these provisions. Those factors weigh any circumstance bearing upon a balancing of public gain against private loss, including the length of the amortization period in relation to the nature of the nonconforming use, *Gurnee v. Miller,* 69 Ill.App.2d 248, 215 N.E.2d 829 (1966); *Eutaw Enterprises, Inc. v. Baltimore,* 241 Md. 686, 217 A.2d 348 (1966); length of time in relation to the investment, *id.;* and the degree of offensiveness of the nonconforming use in view of the character of the surrounding neighborhood. *See City of Los Angeles v. Gage,* 127 Cal.App.2d 442, 274 P.2d 34, 43–44 (1954); *Grant v. Baltimore,* 212 Md. 301, 129 A.2d 363 (1957); *Lachapelle v. Goffstown, supra.*

Our case law has expressed a preference for the protection of nonconforming uses in the face of changing zoning ordinances. *See Appeal of Miller,* 511 Pa. 631, 515 A.2d 904 (1986); *Penn Township v. Yecko Bros.,* 420 Pa. 386, 217 A.2d 171 (1966). That protection, however, is not absolute. It has long been recognized that a lawful, pre-existing, nonconforming use is permitted to continue notwithstanding that the use is an obstruction to a public purpose, *Bachman v. Zoning Hearing Board of Bern Township,* 508 Pa. 180, 187, 494 A.2d 1102, 1105 (1985), provided that the use does not enlarge beyond its natural expectations or move from its original setting. The owner of property to which a lawful nonconforming use has attached enjoys a vested property right thereto unless it is a nuisance, or abandoned, or is extinguished by eminent domain. *Gross v. Zoning Board of Adjustment of the City of Philadelphia,* 424 Pa. 603, 227 A.2d 824, 827 (1967). In balancing the competing interests of zoning restrictions and property owners' rights,

this Court has never before considered a zoning ordinance which expressly provides for the amortization of a pre-existing, lawful, nonconforming use. I believe that a *per se* prohibition against amortization provisions is too restrictive. A community should have a right to change its character without being locked into pre-existing definitions of what is offensive. As this Court has also noted, "nonconforming uses, inconsistent with a basic purpose of zoning, represent conditions which should be reduced to conformity as speedily as is compatible with the law and the Constitution." *Hanna v. Board of Adjustment of Borough of Forest Hills*, 408 Pa. 306, 312–13, 183 A.2d 539, 543 (1962). I believe that amortization provisions are an effective method of reconciling interests of the community with those of property owners. Where the provisions are reasonable in consideration of the elements herein discussed, they provide adequate notice to the property owner so that no deprivation of property or use thereof is suffered, yet they simultaneously afford a township the opportunity to alter the character of its neighborhoods when the alteration takes the form of a reasonable land use regulation.

In this case, however, the amortization provision is not a reasonable one because it fails to provide adequate time for elimination of the nonconforming use. The period allowed for the dissolution of appellant's business is ninety days. Certainly ninety days is an insufficient period of time to allow a merchant to close a business. Any contractual obligations appellant has incurred in anticipation of operating the business probably cannot be terminated within such a short period of time without severe hardship on appellant's part. Three months also would not permit appellant to obtain an alternative means of income. Moreover, forcing appellant to liquidate his enterprise within ninety days could prevent him from obtaining a reasonable return on his investment. I therefore agree that the instant provision is confiscatory.

PAPADAKOS, J., joins this concurring opinion.

**McDERMOTT, Justice, concurring and dissenting.**

I join the result reached by the majority under the facts of this case. Ninety days is too short a period to erase a pre-existing use. I do not agree that pre-existing nonconforming uses are beyond reasonable regulation for health, safety and morals of a community. I respect the constitutional concerns of the majority that property rights must be treated fairly and reasonably and not subject to sudden, simple or easy legislative fiat. Generally, what was done legally before a zoning ordinance must be protected as a property right, which is not, however, to say forever. To amortize means to render land alienable after a debt has been paid. After a given time all debts are extinguishable and a reasonable amortization reflecting the safety, morals and health of a community ought not be rejected as a possibility consistent with a rational use of property.