### Creedin H. OTTO, Jr., Appellant,

v.

### ZONING HEARING BOARD OF HAMPDEN TOWNSHIP and Hampden Township.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1996.

Decided Oct. 31, 1996.

Reargument Denied Jan. 6, 1997.

William H. Andring, Camp Hill, for Appellant.

Richard C. Snelbaker, Mechanicsburg, for Appellee, Hampden Township.

Before FRIEDMAN and LEADBETTER, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Creedin H. Otto, Jr. (Otto) appeals a decision of the Court of Common Pleas of Cumberland County (trial court) which affirmed the decision of the Zoning Hearing Board of Hampden Township (ZHB) denying Otto's application for variances. We reverse and remand.

The factual and procedural history is as follows. On March 20, 1978, Otto purchased the tract of land in question in Hampden Township known as 220 Silver Spring Road. This property is a rectangular lot approximately 500 feet long and 100 feet wide. The property is located in an Industrial–General (I–G) zoning district.[1] Prior to enactment of the Zoning Ordinance on March 29, 1984, the area was zoned residential. Otto has lived on the property since 1978, and as a non-conforming use since enactment of the Ordinance.

Otto also operates a welding business from his property. In connection with his welding business, Otto keeps a truck-mounted welder, lathe, air compressor, forklifts, jacks, trucks, two large trailers and various other equipment stored on the property. In October of 1993, Otto applied to the ZHB for a building permit, and pursuant thereto, constructed a metal storage building 42 feet wide by 83 feet long and 21 feet high at the rear of the property. The metal storage building is used by Otto to house the equipment for his welding business.

In May of 1994, Hampden Township notified Otto that he should seek approval for use of the property for business purposes notwithstanding that the use of the property is a permitted use in the I–G zoning district where the premises are located. On February 27, 1995, Otto filed an application with the ZHB together with a land development plan and a request for variances. The variances requested from the ZHB were as follows:

> Section 1406 [2], lot area and width; Section 1408.2.B [3], side yard setbacks between industrial and residential uses; Section 1408.2.D [4], buffer yard depth; Section 1608.4 [5], fencing of commercial items to be stored; Section 1902.2.H [6], off-street parking spaces, and Section 1905.4 [7], width of driveway for two-way traffic.

> See R.R. 16a.

A hearing was then held before the ZHB. The testimony relative to the necessity of the variances was presented primarily by Michael D'Angelo, the land surveyor who pre-

---

1. The I–G, Industrial–General District is designed to provide for the more intense types of manufacturing and industrial uses. Regulations to minimize their incompatibility with the other districts of the Township are the minimum required for the mutual protection of the districts in question. In promoting these and the general purposes of the Zoning Ordinance, the specific intent of this Part 14 is:
   1. To encourage the construction of and continued use of the land for industrial purposes.
   2. To prohibit any use which would substantially interfere with the development, continuation or expansion of industrial uses in the District.
   3. To establish reasonable standards for buildings and other structures, the areas and dimensions of yards and other open spaces and the provision of facilities and operation of industries to minimize air pollution, noise, glare, heat, vibration and fire safety hazards.
   4. To separate by buffer strips, from adjacent residential or commercial districts.
   See Section 1401 of the Zoning Ordinance of Hampden Township.

2. Section 1406 provides that "The lot area shall be not less than one (1) acre and lot width shall be not less than one hundred fifty (150) feet at the street line."

3. Section 1408.2.B states "Side yard depth: one hundred fifty (150) feet each."

4. Section 1408.2.D states "Buffer yard depth: twenty-five (25) feet which shall be considered as part of the required one hundred fifty (150) foot yard."

5. Section 1608.4 provides "Any motor vehicle garage, service station, or motor vehicle body shop abutting a residential use or residential zoning district shall have a visual screen fence not less than six (6) feet in height placed around a vehicle storage area. Such fence shall be in addition to any buffer yard requirements ..."

6. Section 1902.2.H, regarding commercial off-street parking, provides that "Motor vehicle garages, service stations and body shops—One (1) parking space for each two hundred (200) square feet of gross floor area devoted to repair or service facilities which shall be in addition to the area allocated for the storage of motor vehicles. The motor vehicle storage area shall be at least equal to one (1) parking space for each one hundred (100) square feet of gross floor area of the building devoted to repair or service facilities, which area must be enclosed by fencing ..."

7. Section 1905.4 states "Entrance and Exit Drives–Ingress and egress for a parking lot shall be a minimum of sixteen (16) feet in width for one way access use and a minimum for twenty-four (24) feet in width for two-way access use."

pared the land development plan submitted with the application of Otto to the ZHB. Otto himself also testified as to the necessity of the variances to allow him to conduct his welding business in accordance with the Zoning Ordinance.[8]

Subsequent to the hearing, the ZHB issued a decision denying the variances requested by Otto. The ZHB concluded that:

3. The applicant was given the opportunity to present his request for variances by showing that either there are unique physical circumstances or conditions of the premises which would pose a hardship to the applicant, and that the variances, if authorized, will represent the minimum variance which would afford relief and represent the least modification of the regulation in issue.

4. The applicant here has shown no hardship under any of the provisions of said section (2101.4) of the Zoning Ordinance which would authorize the granting of the variance as requested.[9]

Otto filed an appeal to the trial court of the denial of the variances by the ZHB.[10] On February 5, 1996, the trial court, without taking any additional evidence, issued an opinion and order affirming the decision of the ZHB and denying the variances. This appeal followed.

■ Otto contends that there is not legally sufficient justification by the ZHB to warrant denial of the variances requested by him.[11] Where, as here, no additional testimony was taken by the trial court, our review is limited to a determination of whether the ZHB abused its discretion or committed an error of law. *Pennsylvania Northwestern Distributors, Inc. v. Zoning Hearing Board*, 526 Pa. 186, 584 A.2d 1372 (1991); *Smith v. Zoning Hearing Board of Bellevue*, 152 Pa.Cmwlth. 427, 619 A.2d 399 (1992). An abuse of discretion occurs when necessary findings of fact are not supported by substantial evidence. *Valley View Civic Assoc. v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

The requirements for a variance are set forth in Section 910.2 of the Municipalities Planning Code (MPC), 53 P.S. § 10910.2, Act of July 31, 1968, P.L. 805, *as amended*, added by Section 910.2 of the Act of December 21, 1988, P.L. 1329, as follows:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the

---

8. Neighbors also testified both for and against the application and request for variances.

9. Section 2101.4, regarding variances, states:

The Board shall hear requests for variances where it is alleged that the provisions of the Zoning Ordinance inflict unnecessary hardship upon the applicant.... The Board may grant a variance, provided the following findings are made where relevant in a given case:

A. That there are unique physical circumstances or conditions, including irregularity, narrowness or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the Zoning Ordinance in the neighborhood or district in which the property is located.

B. That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the Zoning Ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

C. That such unnecessary hardship has not been created by the appellant.

D. That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, or substantially or permanently impair the appropriate use or development of adjacent property, or be detrimental to the public welfare.

E. That the variance, if authorized, will represent the minimum variance which will afford relief and represent the least possible modification of the regulation in issue.

. . .

10. Otto also filed a Motion for the Presentation of Additional Evidence and for Consideration of the Present Appeal upon a De Novo Review of the Record Below as Supplemented by Additional Evidence on the basis that the decision of the ZHB failed to contain findings of fact and failed to meet other statutory requirements.

11. Otto also contends that the proceedings of the ZHB and trial court were not conducted in accordance with the applicable statutory requirements. Because of our disposition of the first issue, we do not address the latter.

particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

█ The ZHB concluded that there was "no hardship . . . which would authorize the granting of the variances as requested." However, the record reflects that the property is zoned I–G which permits operation of Otto's welding business, and that such designated zoning requires a side yard setback of 150 feet and a buffer on each side of the property. Here, the subject property is 100 feet wide. Further, the narrowness of the property prohibits the land from being developed in strict conformity with the provisions of the zoning ordinance, and a variance is thus necessary to permit reasonable use of the property. This hardship is created by the shape of the lot and is not self-imposed or created by Otto. Since the lot size of 100 feet wide and 500 feet in depth pre-existed the zoning of the property in the I–G district, it cannot be said the hardship was self-imposed as contended by the ZHB. Thus, variances are required for side yard setbacks and buffers.

Additionally, granting of the requested variances will not alter the essential charac-

ter of the neighborhood because Otto has conducted a welding business on the property since its purchase in 1978. The record also contains a petition signed by 13 of the 15 landowners in the neighborhood reflecting opposition to a proposal to rezone the area from Industrial–General to Residential. R.R. 9a–10a. The record also contains affidavits of adjoining landowners on the north and south sides of the property, where the side yard setback variance requests are at issue, indicating no objection to operation of the welding business on the property of Otto.

As to the issue of the minimum variances which will afford relief, the record reflects the property is in conformance with the requisite front and back yard setbacks but is not in conformance with the side yard setbacks on the property and are the minimal requests which can be made. Also, the driveway variance requested is· the minimum available which would not require demolition of the buildings which predate the zoning ordinance of Hampden Township. Further, the parking variance is the minimum available in view of the size of the lot.

The hardship which exists in this case derives principally from the size of the property prior to the rezoning by Hampden Township and not by any action of Otto. The record before us clearly establishes that all of the requisites for the grant of a variance as set forth in Section 910.2 of the MPC have been met. The fact that the property was and is used, in part, for residential purposes does not affect the result herein.

Accordingly, we reverse the trial court's order affirming the ZHB's denial of the variances requested by Otto and remand to the trial court with directions.

### ORDER

AND NOW, this 31st day of October, 1996, the February 5, 1996 order of the Court of Common Pleas of Cumberland County is reversed and the matter is remanded to the trial court with direction to remand to the Zoning Hearing Board of Hampden Town-

ship with direction to issue the variances requested by Creedin H. Otto, Jr.

Jurisdiction relinquished.