# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Benson Homes and Development, LLC : 
                       :
                 v.                :
                       :
Easttown Township Zoning Hearing : 
Board and Easttown Township    :
                       :   No. 984 C.D. 2018
Appeal of: Easttown Township    :   Submitted: March 14, 2019

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE ANNE E. COVEY, Judge (P.)
                 HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  April 2, 2019

Easttown Township (Township) appeals from the Chester County Common Pleas Court's (trial court) June 14, 2018 order reversing the Township Zoning Hearing Board's (ZHB) decision prohibiting the proposed subdivision of the property located at 15 Leopard Road, Berwyn, Pennsylvania (Property) and affirming the ZHB's boundary line demarcation.  The sole issue before this Court is whether the ZHB properly prohibited the existing lot's subdivision where it resulted in a new nonconforming lot's creation and/or improperly reduced an existing nonconforming lot's size.[1]  After review, we affirm.

---

[1] The Township also argues on appeal that the trial court erred by basing its decision on *Spring Garden Civic Ass'n v. Board of Adjustment of the City of Philadelphia*, 617 A.2d 61 (Pa. Cmwlth. 1993), *appeal dismissed*, 649 A.2d 657 (Pa. 1994).  *See* Township Br. at 4, 10, 21-24. However, "[i]n a land use appeal where the trial court does not take additional evidence, such as **here**, **our review is limited to determining whether the ZHB abused its discretion or committed an error of law**." *Fowler v. City of Bethlehem Zoning Hearing Bd.*, 187 A.3d 287, 294 n.8 (Pa. Cmwlth. 2018) (emphasis added).

Benson Homes and Development, LLC (Applicant) is the equitable owner of the Property which is approximately 7.8 acres and is irregularly shaped, situated at the intersection of Lancaster Avenue (U.S. Route 30) and Leopard Road (with additional frontage along Potter Avenue and Walnut Street) in the Township and identified as Chester County Tax Parcel No. 55-2L-11. The Property is located in the Berwyn Village Districts (Village District). The Village District is divided into three zoning districts - Village Business (VB), Village Transition (VT), and Village Residential (VR). The Property, due to the establishment of the Village District, is split-zoned, with the majority of the Property situated in the VR District and the remainder in the VB District.

At the time the Village District was established, the Property had already been improved with a 133-unit apartment complex, known as Trinity House, which lies entirely in the VR District portion of the Property. Trinity House is a non-conforming use, as it does not comply with the VR District's use regulations, found in Section 455-23 of the Township Zoning Ordinance (Ordinance). Moreover, it does not comply with the VR District's minimum lot size area and bulk regulation set forth in Section 455-24.A(2) of the Ordinance, which requires 5,000 square feet per dwelling unit. However, pursuant to Section 455-24.A(1) of the Ordinance, there is no minimum lot size regulation in the VB District.

On June 1, 2016, Applicant filed an application with the Township to subdivide the Property (Application), accompanied by a preliminary subdivision plan dated May 31, 2016 (Plan). The Plan showed that the portion of the Property situated in the VB District would be subdivided into a new lot (Lot 1), with the remainder, including the Trinity House and all its associated improvements, forming a new lot located entirely in the VR District (Lot 2). As there is no minimum lot size regulation in the VB District, Lot 1 would be in full conformity with the zoning district's requirements. However, Lot 2 would continue to be nonconforming in the

2

VR District. On June 24, 2016, the Township's Zoning Officer Eugene C. Briggs, Jr. (Zoning Officer) issued an interoffice memorandum to the Township's Planning Commission containing a review of the Plan. The Zoning Officer determined, *inter alia*, that the Plan properly depicted the boundary between the two zoning districts on the Property pursuant to Section 455-10.C of the Ordinance. However, he concluded that the Plan did not precisely divide the Property into proposed Lot 1 and Lot 2 along that zoning district boundary, placing a sliver of proposed Lot 1 in the VR District. The Zoning Officer recommended that the boundary line between the zoning districts serve concurrently as the boundary line between the proposed subdivided lots. Based upon this recommendation, Applicant prepared a revised preliminary subdivision plan on June 28, 2016 (Revised Plan), incorporating this amendment.

The Zoning Officer issued a memorandum review of the Revised Plan on July 26, 2016. Upon further consideration, the Zoning Officer concluded that the boundary line between the VR and VB Districts as set forth in the Revised Plan was erroneous. Attaching an inset of the Township's zoning map, the Zoning Officer determined the boundary line in the Revised Plan should be moved approximately 32 feet to the north. Moreover, in this second review, the Zoning Officer objected to the subdivision's legality. He resolved that due to the Property's existing nonconformance within the VR District's area and bulk requirements, Lot 2's nonconformity would increase because of the reduced total lot area. The Zoning Officer found that the subdivision would violate Sections 455-13.A, 14.0 and 124.B of the Ordinance and denied the Application therefor.

Applicant filed an appeal to the ZHB from the Zoning Officer's determination on August 9, 2016. The ZHB held a hearing on November 2, 2016, and denied the appeal on December 7, 2016. The ZHB issued a written decision on December 14, 2016. Applicant appealed from the ZHB's decision to the trial court.

3

On June 14, 2018, the trial court reversed the portion of the ZHB's decision upholding the Zoning Officer's determination that the proposed subdivision of the Property was prohibited, and affirmed the portion of the ZHB's decision regarding the Zoning Officer's zoning district boundary line demarcation.[2] The Township appealed to this Court.

The Township argues that the ZHB properly prohibited the existing lot's subdivision where it resulted in a new nonconforming lot's creation and/or improperly reduced an existing nonconforming lot's size.[3] Specifically, the Township argues: (1) the proposed subdivision creates a nonconforming lot under the current Ordinance; (2) the Ordinance prohibits the reduction of a nonconforming lot's size; and (3) the VB District portion of the lot should be included when measuring the existing lot size. Applicant rejoins: (1) the subdivision creates a new lot comprised completely of vacant land within the VB District; (2) the proposed subdivision does not increase the extent of the existing nonconformities nor create a new nonconforming lot; and (3) the Ordinance expressly requires that the permitted density in the VR District be calculated solely on the lot area within the VR District.

Initially, Section 455-24 of the Ordinance provides:

The following area and bulk regulations shall apply within all Village of Berwyn Districts:

A. Minimum lot size (net lot area).

(1) There is no minimum lot size in the VB and VT Districts.

(2) Minimum lot size in the VR District is 5,000 square feet per dwelling unit.

---

[2] No appeal was taken from the trial court's affirmance of the ZHB's boundary line demarcation.

[3] The ZHB filed a joinder brief, wherein, it joined in the Township's brief.

4

Reproduced Record (R.R.) at 11. Section 455-132 of the Ordinance provides the following definitions:

> LOT
>
> A designated parcel, lot or area of land established by a plat or otherwise as permitted by law and to be used, developed or built upon as a unit.
>
> A. LOT AREA, GROSS
>
> The area of land contained within the limits of the legally described property lines bounding the lot.
>
> B. LOT AREA, NET
>
> The area of land contained within the limits of the legally described property lines bounding the lot, exclusive of any street or railroad rights-of-way, utility easements and flag lot access strips, easements for fuel or communications transmission, whether below or above ground, that do not exclusively serve the lot traversed, very steep slopes and 50% of moderately steep slopes, above[-]ground storm[]water management basins greater than 18 inches in depth that do not exclusively serve the lot, below-ground storm[]water management basins, and areas within riparian buffer zones, along with the natural resources that they protect, provided that at least 50% of the required minimum lot area be contiguous land lying outside of these exclusions.

R.R. at 15. The law is well settled:

> A lawful nonconforming use is a use that predates the enactment of a prohibitory zoning restriction, and the right to continue a legal nonconforming use is entitled to the constitutional protection of due process. In *Pennsylvania Northwest Distributors, Inc. v. Zoning Hearing Board of Moon Township*, . . . 584 A.2d 1372, 1375 ([Pa.] 1991), [our Supreme C]ourt explained that the fundamental basis for the protection of uses and structures that were lawful when instituted is the 'inherent and indefeasible' right of this Commonwealth's citizens to possess and protect property guaranteed by [Article I, Section 1 of the Pennsylvania Constitution]. Thus, '[a] lawful

5

> nonconforming use establishes in the property owner a vested property right which cannot be abrogated or destroyed, unless it is a nuisance, it is abandoned, or it is extinguished by eminent domain.' [*Northwest Distributors*,] 584 A.2d at 1375.

*Hunterstown Ruritan Club v. Straban Twp. Zoning Hearing Bd.*, 143 A.3d 538, 545 (Pa. Cmwlth. 2016) (citations omitted).

The Township cites *McCarry v. Haverford Township Zoning Hearing Board*, 113 A.3d 381 (Pa. Cmwlth. 2015), to support its position. However, *McCarry* involved a zoning application for a dimensional variance to permit the applicant to subdivide a lot which contained a nonconforming building in violation of the applicable ordinance. Thus, the applicant had to show an unnecessary hardship, which he failed to do. Here, Applicant is not seeking a variance,[4] nor does he need one, as he is merely seeking to subdivide the Property at the VB/VR District boundary. Accordingly, *McCarry* is inapposite.

The Township also relies upon *Guido v. Township of Sandy*, 880 A.2d 1220 (Pa. 2005), to substantiate its argument. In *Guido*, the issue before our Supreme Court was whether the fact that the applicant leased the property with an option to buy before the enactment of the ordinance prohibiting the sale, made the sale after the ordinance a permissible nonconforming condition. The *Guido* Court held that it did not. The date the applicant exercised the option controlled, not the date he obtained the option. Here, the nonconforming condition existed before the Ordinance was enacted. Thus, *Guido* is distinguishable from the case at bar.

In the instant matter, it is undisputed that the Property contained 133 dwelling units on a 250,429-square-foot lot and the nonconforming condition existed before the enactment of Section 455-24 of the Ordinance which requires a minimum lot size of 5,000 square feet per dwelling unit in the VR District, *i.e.*, a 665,000-

---

[4] In the instant case, Applicant withdrew its variance request without prejudice.

6

square-foot lot. The Revised Plan divides the Property at the VB/VR District boundary. Thus, Lot 1 is a vacant lot and Lot 2 contains the nonconforming condition. At issue before the ZHB was whether the nonconforming lot size calculation includes the portion of the Property exclusively contained in the VR District or the entire Property. Because the subdivision creates a new lot, it is not permitted if the subdivision enlarges the nonconformity. *See* Section 455-13 of the Ordinance ("no new lot shall be created unless in conformity with all of the appropriate regulations"). Consequently, if only the VR District portion is used, the subdivision is permitted.

The ZHB determined that because the Ordinance defined lot as "[t]he area of land contained within the limits of the legally described property lines bounding the lot[,]" R.R. at 15, the entire Property was included in the calculation and thus prohibited the subdivision. The trial court, however, ruled that "the proposed subdivision does not affect in any way the portion of the Property *in the VR District.* Be it intact or subdivided, the total area of the Property that lies within the VR District will not change regardless of whether the Property is subdivided." Trial Ct. Op. at 6-7. This Court agrees with the trial court.

"[P]ermissive terms in zoning ordinances should be construed expansively, so as to afford the landowner the broadest possible use and enjoyment of his land." *Bakerstown Container Corp. v. Richland Twp.*, 500 A.2d 420, 421 (Pa. 1985); *see also Caln Nether Co., L.P. v. Bd. of Supervisors of Thornbury Twp.*, 840 A.2d 484, 491 (Pa. Cmwlth. 2004) ("[O]rdinances are to be construed expansively, affording the landowner the broadest possible use and enjoyment of its land. Undefined terms are given their plain meaning, and any doubt is resolved in favor of the landowner and the least restrictive use of the land.") (citation omitted).

The Property's nonconforming condition was due to the establishment of the Village District. More specifically, the portion of the Property in the VR District

was not compliant with Section 455-24.A(2) of the Ordinance. As that portion of the Property will not change as a result of the proposed subdivision, neither will the extent of the nonconforming condition – the proposed subdivision will maintain the exact ratio of lot area within the VR District per dwelling unit, and, thus, retain the precise extent of the nonconformity. Accordingly, the trial court properly reversed the ZHB's decision prohibiting the proposed subdivision.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Benson Homes and Development, LLC :
                                      :
             v.                    :
                                        :
Easttown Township Zoning Hearing   :
Board and Easttown Township        :
                                        :   No. 984 C.D. 2018
Appeal of: Easttown Township      :

<u>O R D E R</u>

        AND NOW, this 2nd day of April, 2019, the Chester County Common Pleas Court's June 14, 2018 order is affirmed.

 

 

_____
              ANNE E. COVEY, Judge